No. 44,320

State of Kansas, *Appellee,* v. Max Back, *Appellant.*

(411 P. 2d 601)

Opinion filed
March 5, 1966.

W. R. *Mathews,* of Winfield, argued the cause and was on the briefs for the appellant.

*Tom Pringle,* Deputy County Attorney, argued the cause, and *Mike Smith,* County Attorney, and *Robert C. Londerholm,* Attorney General, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Kaul, J.: This is an appeal by defendant from convictions on pleas of guilty to forgery in the second degree in violation of G. S. 1949, 21-603 (now K. S. A. 21-603) and uttering and passing a forged instrument, G. S. 1949, 21-609 (now K. S. A. 21-609).

The defendant was arrested on January 24, 1965 and appeared before the City Court of Arkansas City on the same day. The City Court found defendant to be an indigent person, appointed Kirke Dale, a reputable attorney of many years experience, as counsel and set a preliminary hearing for January 26, 1965. Defendant appeared with his counsel, waived preliminary hearing and was bound over to the district court for trial.

On January 27, 1965 defendant appeared in the district court and the court, finding him to be an indigent, appointed Kirke Dale as his counsel. On the same day defendant and his counsel again

appeared before the district court, waived the reading of the infor-
mation and entered pleas of guilty to both counts of the information.
A sentence of not more than 10 years was pronounced on each
count and adjudged to run concurrently. Thereafter the defendant
was transferred to the state penitentiary.

On February 17, 1965 the defendant wrote a letter to the district
judge. The defendant stated in his letter that he understood the
court had sixty days to change the sentence and he had sixty days
in which he could appeal his case. He also related circumstances
which he thought should mitigate his offense and claimed a one to
five year sentence should have been enough for the charge.

On March 1, 1965 the county attorney and Kirke Dale, defend-
ant's court appointed counsel, appeared before the trial court. After
hearing arguments, the court ordered its previous order of commit-
ment revoked. It was further ordered that the defendant be re-
turned by the sheriff of Cowley county to the court for further
proceedings and disposition in this action.

On March 12, 1965 the defendant appeared in person, without
counsel, before the court. The state appeared by Mike Smith,
county attorney of Cowley county, at which time the following
colloquy took place.

"THE COURT: Mr. Back, you were brought here to the Court, as you know,
in view of your letters.

"MR. BACK: Yes, sir.

"THE COURT: And, the Court, if you desire to withdraw your plea of
guilty, the Court would entertain such a motion, and hear it for you.

"What is your desire in this matter, sir?

"MR. BACK: I will leave it like it is.

"I want to withdraw the motion.

"MR. SMITH: May it please the Court, if I might ask the defendant a couple
of questions to help the Court in this matter?

"Mr. Back, do you understand that by withdrawing your motion the pleas
of guilty to Counts I and II of the information in Case No. 6291 will remain?

"MR. BACK: Yes, sir.

"MR. SMITH: And, do you understand, and it is your desire, that the sen-
tence adjudged pursuant to your pleas of guilty of these two counts will re-
main?

"MR. BACK: Yes.

"MR. SMITH: And, by withdrawing your motion, do you understand that
the commitment will again issue and you will be returned to the Kansas Peni-
tentiary to serve not more than ten years on the first count, and not more than
ten years on the second count, concurrently?

"MR. BACK: Yes, I know that.

"MR. SMITH: You have raised the question in the past about your attorney in Independence, Mr. Medill, subsequent to the commitment, and your letters to the Court. Have you contacted him?

"MR. BACK: Yeah, I have contacted him.

"MR. SMITH: And, he has talked this matter over with you, and you have discussed it with him, is that correct?

"MR. BACK: Yes.

"MR. SMITH: Upon the defendant's motion, your Honor, the State would respectfully request that his motion to withdraw his request should be sustained and a new order of commitment issued.

"THE COURT: Mr. Back, you are not raising any question of the competency of your counsel, Mr. Kirke Dale, representing you, or any of those questions, are you, sir?

"MR. BACK: No.

"THE COURT: Very well, Mr. Back, your motion to withdraw this application will be sustained and commitment will be ordered recommitting you to the State Penitentiary at Lansing, Kansas, to continue serving your sentence.

"MR. SMITH: May it please the Court, one further thing the State would like to bring up; and the State does hereby appear and move that the order of January 27, 1965, and the Journal Entry of Sentence, further show that, in addition to the sentence on Counts I and II of the Information in Case No. 6291 running concurrently, that the Court show in the order by a nunc pro tunc order, if necessary, that in addition thereto these two concurrent sentences run concurrent with any other thing that the defendant is returned to the penitentiary to do.

"THE COURT: Mr. Smith, the Court would sustain that motion for a nunc pro tunc order, it having been the intention and intent of the Court at the time the original Judgment of Sentence was entered on the 27th day of January, 1965, to order that these two counts in this Information were to have run concurrent, and not only that, but this sentence was to have run concurrent with any other sentence that the defendant might have been serving pursuant to the statutes.

"So, if you will draw such an order, the Court will sign it."

The defendant was subsequently returned to the penitentiary on a new commitment and thereafter served his notice of appeal pursuant to K. S. A. 62-1701.

The defendant raises the following questions in his brief on appeal.

1. Was it error for the court to deny the defendant appointment of counsel on vacating the sentence and resentencing?

2. Was the double sentence double jeopardy?

3. Was it error to refuse counsel to defendant at the resentencing of March 12, 1965?

Defendant's first two points may be summarily disposed of. The record clearly shows that the sentence of January 27, 1965, was

not vacated, nor was defendant resentenced on March 12, 1965. On oral argument before this court defendant's counsel conceded the proceedings before the trial court on March 12, 1965 did not amount to a resentencing. The order of the court under which defendant was returned to Cowley county merely revoked the commitment. The unusual proceedings of March 12, 1965 appear to have been considered by the trial court only as a motion by defendant to withdraw his pleas of guilty. When defendant stated he desired to withdraw his motion, the court carefully explained to him that if he did then his pleas of guilty would remain in effect.

The only alteration of the sentence of January 27, 1965 was the *nunc pro tunc* order of the court declaring that the previous concurrent sentences should also be served concurrently with any other sentence the defendant might have been serving. The court's statement in this regard clearly indicates that such was the intention of the court at the time of the original sentencing. It is further noted that the *nunc pro tunc* order actually made no change in the manner in which the sentences would have been served under the law. K. S. A. 62-2251 reads as follows:

"Any prisoner who commits a crime while at large on parole or conditional release and is convicted and sentenced therefor shall serve such sentence concurrently with the term under which he was released, unless otherwise ordered by the court in sentencing for the new offense."

The district court *did not order otherwise* in pronouncing the sentence on January 27, 1965. Therefore, by operation of law and regardless of the *nunc pro tunc* order, the sentences would have been served concurrently with any sentence from which defendant had been conditionally released.

For his third point on appeal defendant claims it was error to refuse counsel to him at the resentencing of March 12, 1965. The simple answer is as heretofore stated, the defendant was not resentenced. Further, while counsel was not present with the defendant at the time, the record reveals the defendant had discussed the matter with his private attorney, Mr. Medill, of Independence. The only conclusion to be drawn from the record is that defendant first desired to withdraw his plea of guilty and then changed his mind after consulting Mr. Medill. Nothing can be inferred from the proceedings of March 12, 1965 that would indicate any prejudice to the rights of defendant. The order of the trial court, while actually of no legal effect, was intended as a benefit to defendant.

It is to be noted that defendant was represented by an able, experienced attorney prior to and throughout his preliminary hearing and at his arraignment and pleas before the district court.

It must be assumed that court appointed counsel will fully and fairly represent the indigent defendant. (*State v. Robertson,* 193 Kan. 668, 396 P. 2d 323.)

Both defendant and the state have urged that this appeal be not only considered as a direct appeal from the conviction of defendant but as an appeal from a proceeding pursuant to K. S. A. 60-1507.

The record clearly indicates that the defendant was returned by the trial court on March 12, 1965 solely for the purpose of ascertaining whether or not defendant desired to withdraw his pleas of guilty in the principal case. The letter of defendant was not docketed or considered in any way as a petition pursuant to 60-1507, *supra.*

If the proceeding had been considered a motion to vacate sentence by the trial court, an appeal from an order thereon cannot be merged with a direct appeal from judgment and sentence. Such procedure would have been clearly premature under the express provisions of Rule No. 121 adopted by this court on October 16, 1964, set out in 194 Kan. xxvii. Subsection (3) of section (*c*) of the rule provides:

" . . . a motion to vacate, set aside or correct a sentence cannot be maintained while an appeal from the conviction and sentence is pending or during the time within which an appeal may be perfected, . . ."

A similar question was considered in the recent case of *State v. Lewis,* 195 Kan. 389, 405 P. 2d 796, where it was stated on page 395 of the opinion:

"We lastly note that the defendant attempted to join with his direct criminal appeal, an appeal from a civil proceeding commenced pursuant to the provisions of K. S. A. 60-1507(*a*). This he cannot do. . . ."

We have fully reviewed the record and conclude the district court did not err in any of the particulars complained of by defendant. The judgment of conviction and sentence is affirmed.