No. 65,392

STATE OF KANSAS, *Appellee,* v. WILEY HARRIS, *Appellant.*

(819 P.2d 1169)

Opinion filed October 25, 1991.

*Wendy L. Rhyne-Slayton,* assistant appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, and *Rebecca E. Holihan,* assistant appellate defender, were on the brief for appellant.

*Thomas P. Alongi,* assistant county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

HERD, J.: In this criminal action, Wiley Harris appeals the trial court's dismissal of his motion for a new trial based upon newly discovered evidence. The trial court held it did not have jurisdiction to hear Harris' motion because Harris had a K.S.A. 60-1507 motion on appeal before the Court of Appeals at the time he filed his new trial motion pursuant to K.S.A. 22-3501.

Defendant Wiley Harris was found guilty of one count of aggravated robbery (K.S.A. 21-3427) on January 9, 1987, in case

number 86 CR 708. He was sentenced to 15 years to life on February 17, 1987. Harris took a direct appeal to this court from that conviction, which was affirmed in an unpublished memorandum opinion, number 60,582, filed March 25, 1988.

On January 17, 1989, Harris filed in case number 89 C 8 a motion in accordance with K.S.A. 60-1507, alleging denial of his Sixth Amendment rights to effective assistance of counsel and compulsory process. Following a hearing conducted by the district court on July 11, 1989, the court denied the motion. Harris timely appealed the denial of his K.S.A. 60-1507 motion to the Court of Appeals. Oral argument on Harris' 1507 motion occurred on March 27, 1990; however, the opinion affirming the district court was not announced until April 27, 1990.

On March 12, 1990, while his 1507 appeal in case number 89 C 8 was pending, Harris filed a pro se motion for a new trial based upon newly discovered evidence pursuant to K.S.A. 22-3501(1). Harris alleged that testimony at the evidentiary hearing on the 1507 motion materially contradicted the testimony presented during his trial. Counsel was appointed for Harris on his motion for new trial.

The district court heard the motion for new trial on April 19, 1990. At the hearing, defense counsel stated two issues needed to be addressed: (1) whether the motion for new trial was timely, and (2) whether the district court had jurisdiction to entertain the motion for new trial while Harris' 1507 motion was pending before the Court of Appeals. The district court ruled that Harris' motion for new trial was timely filed because it was filed within two years of this court's decision on Harris' direct appeal. Nevertheless, the court held that it could not hear the new trial motion, stating:

"[I] find that I have no jurisdiction to hear this motion, because this case, and I'm speaking of 89 C 8 now, is in the jurisdiction of the Court of Appeals of the State of Kansas and it has not been remanded to the District Court level, and so I'm saying that I refuse to hear such motion due to the lack of jurisdiction. Now, what that does to the motion I'm not saying at this time, but that is the position of this Court. The Court is going to deny the motion, because it is without jurisdiction to hear it.

"That will be the order of the Court."

Harris timely appealed the denial of his motion for new trial.

The sole issue on appeal is whether the district court·erred in ruling it was without jurisdiction to hear Harris' motion for a new trial.

Harris argues that a motion made .pursuant to K.S.A. 60-1507 is a civil action and cites for support Supreme Court Rule 183(a) (1990 Kan. Ct. R. Annot. 126). Supreme Court Rule 183(a) states the nature of the remedy available· under K.S.A. 60-1507 is "exactly commensurate with that which had previously been available by habeas corpus." The rule further explains: "A motion challenging the validity of a sentence is an independent civil action which should be separately docketed, and the procedure before the trial court and on appeal to the Court of Appeals is governed by the Rules of Civil Procedure insofar as applicable."

Additionally, Harris points to our decisions that state "[a]n appeal in a proceeding to vacate sentence pursuant to K.S.A. 60-1507 cannot be joined with a direct appeal from judgment and sentence in a criminal case." *State v. Back,* 196 Kan. 308, Syl. ¶ 2, 411 P.2d 601 (1966).

The State initially responds by agreeing that Harris' argument "superficially" bears some merit. The State even points out that this court in *State v. Thomas,* 239 Kan. 457, 459, 720 P.2d 1059 (1986), stated that a motion pursuant to K.S.A. 60-1507 creates "a new case, not a criminal case, and the proceeding under that section [is] in the nature of a civil action.": The State, however, argues that Harris' two cases, the 60-1507 civil motion and the motion for new trial pursuant to K.S.A. 22-3501, cannot exist simultaneously.

In support of its mutual exclusion argument, the State cites *State v. Washington,* 198 Kan. 275, 280-81, 424 P.2d 478 (1967), which refers to Rule 121(c)(3) (197 Kan. lxxiv). The rule at that time stated: "[A] motion to vacate, set aside or correct a sentence [pursuant to K.S.A. 60-1507] cannot be maintained while an appeal from the conviction and .sentence is pending or during the time within which an appeal may be perfected." Rule 121(c)(3) (197 Kan. lxxiv).

Rule 121 was the forerunner of Rule 183, which is now in force and contains an identical provision. Rule 183(c)(2) (1990 Kan. Ct. R. Annot. 126). The State interprets this to mean that Harris would have to withdraw his K.S.A. 60-1507 appeal in order for

the district court to have jurisdiction to hear his motion for new trial.

The State's interpretation is incorrect. The appeal referred to in Rule 121 (now Rule 183) is a direct appeal taken from the district court following conviction and sentence pursuant to K.S.A. Chapter 22, Article 36. Harris filed a post-trial *motion* in accordance with K.S.A. 22-3501. A 60-1507 motion attacking sentence creates a new civil case. *State v. Thomas,* 239 Kan. at 459. A motion for new trial based on newly discovered evidence is governed by K.S.A. 22-3501. The jurisdictional requirements for each of Harris' motions should be examined separately. This conclusion is supported by the fact that motions filed pursuant to K.S.A. 60-1507 go to the Court of Appeals. Rule 183(k) (1990 Kan. Ct. R. Annot. 126). In contrast, Harris' appeal from the denial of his motion for new trial would be heard by this court because he has been given a maximum sentence of life. K.S.A. 1990 Supp. 22-3601(b)(1).

Moreover, in *Baker v. State,* 243 Kan. 1, 755 P.2d 493 (1988), we addressed two appeals by the defendant "generated by the same criminal convictions" which were consolidated in this court. One case was an appeal from an adverse ruling in the defendant's action pursuant to K.S.A. 60-1507. The other case was an appeal by the defendant from the denial of his motion for a new trial based upon newly discovered evidence pursuant to K.S.A. 22-3501. *Baker,* 243 Kan. at 3. Each of the two appeals were addressed separately and the defendant was not precluded from bringing these separate actions simultaneously.

We hold a 1507 motion and a motion for a new trial can proceed simultaneously.

We now turn our attention to the question of whether the motion for a new trial was timely filed. K.S.A. 22-3501(1) states in pertinent part: "A motion for a new trial based on the ground of newly discovered evidence may be made within two years after final judgment, but if an appeal is pending the court may grant the motion only upon remand of the case." First, Harris must have filed his motion for new trial within two years after final judgment. "A conviction is not considered final until the judgment of conviction has been rendered, the availability of an appeal has been exhausted, and the time for any rehearing or final review

has passed." *State v. Osbey*, 238 Kan. 280, 283, 710 P.2d 676 (1985). The district court judge found the two-year limitation began to run on March 25, 1988, when this court announced its decision in Harris' direct appeal of conviction. Harris filed his motion for new trial on March 12, 1990, and, therefore, the district court properly held Harris' motion was filed within the time allowed.

Next, in order to meet the requirements of K.S.A. 22-3501, the district court cannot grant the motion while "an appeal is pending," but may grant the motion on remand. K.S.A. 22-3501(1). The appeal referred to in the statute is a direct appeal from final judgment (*i.e.*, conviction and sentence). The district court misinterpreted this phrase. Harris did not file his motion for new trial while his direct appeal was pending. Thus, Harris met all the jurisdictional requirements of K.S.A. 22-3501.

The judgment of the trial court is reversed and the case is remanded for further proceedings.