No. 63,859

STATE OF KANSAS, *Appellee*, v. TYRONE BRADLEY, *Appellant*.

(787 P.2d 706)

Opinion filed March 2, 1990.

*Doug Thompson*, of Johnson, Martin, Thompson & Sexton, P.A., of Junction City, was on the brief for appellant.

*Kenneth R. Smith*, assistant county attorney, and *Robert T. Stephan*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: The district court denied as untimely defendant Tyrone Bradley's motion for a new trial based on newly discovered evidence. Bradley appeals, claiming: (1) the two-year period of limitation contained in K.S.A. 22-3501(1) is discretionary; and (2) the district court abused its discretion in denying the motion. We disagree and affirm the district court.

On October 2, 1981, Tyrone Bradley was convicted in two separate cases of four counts of aggravated robbery (K.S.A. 21-3427) and one count of aiding and abetting attempted aggravated robbery (K.S.A. 21-3301, -3427). On October 27, 1981, Bradley was sentenced under the Habitual Criminal Act to a controlling term of 45 years to life imprisonment.

Approximately four years later, in 1985, Henry Holliday, an acquaintance of Bradley's and a prisoner at Lansing, gave a handwritten statement to prison officials which purported to exonerate Bradley of the crimes for which he had been convicted. Bradley, also a prisoner at Lansing, claims he discovered this statement

in December 1988 and immediately secured counsel. On December 30, 1988, Bradley's lawyer took a statement from Holliday which, if true, would exonerate Bradley.

On April 25, 1989, pursuant to K.S.A. 22-3501, Bradley filed a motion for new trial based on Holliday's statement, claiming he had moved for a new trial as soon as possible after learning of Holliday's statement. At a hearing on May 22, 1989, the district court found the motion was filed after the two-year limitation for a new trial based on newly discovered evidence.

At common law, there was no limitation of time for prosecuting a criminal offense. Limitations are set by the legislature. Statutes of limitation in a criminal case are considered an act of grace by the legislature. Though limitations are usually placed upon the power of the sovereign to act, the legislature may also limit an accused or an individual convicted of a crime the right to a remedy.

K.S.A. 22-3501(1) limits the right of a person convicted of a crime, providing:

"The court on motion of a defendant may grant a new trial to him if required in the interest of justice. . . . A motion for a new trial based on the ground of newly discovered evidence may be made within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within 10 days after the verdict or finding of guilty or within such further time as the court may fix during the 10-day period."

Bradley filed the present motion almost seven years after his convictions were affirmed on appeal. See *State v. Bradley*, No. 53,850, unpublished opinion filed July 16, 1982. Bradley argues that the word "may" in the statute renders the two-year limitation "discretionary and advisory" and that it was error for the court to deny his motion as untimely.

Our appellate courts have never defined the nature of the two-year period of limitation contained in 22-3501(1). However, this statute was modeled after Fed. R. Crim. Proc. 33, which provides: "A motion for a new trial based on the ground of newly discovered evidence may be made *only before or* within two years after final judgment." (Emphasis added.) The italicized words do not appear in K.S.A. 22-3501(1).

In *United States v. White*, 557 F.2d 1249 (8th Cir.), *cert. denied* 434 U.S. 870 (1977), the court of appeals affirmed the district court's denial of a motion for new trial based on newly discovered evidence. In doing so, the court said:

"We conclude that White's new trial motion, filed more than three years after the termination of his direct appeal, was untimely. The purpose behind the two-year limitation embodied in Rule 33 is to cut off claims concerning the question of guilt or innocence at a certain time after trial." 557 F.2d at 1251.

Like Rule 33, K.S.A. 22-3501(1) also provides: "The court on motion of a defendant may grant a new trial to him if required in the interest of justice." This provision in our statute is modified by subsequent language which sets the two-year period of limitation. The intent of the two-year limitation for a new trial based on newly discovered evidence is to terminate questions of the guilt or innocence at a specific time after trial. Under the facts of this case, the limitation imposed by 22-3501 was final and the district court properly found that the 22-3501 motion was time-barred.

When time-barred by Federal Rule 33's two-year limitation for a new trial based on newly discovered evidence, federal prisoners may seek a new trial under 28 U.S.C. § 2255 (1982), a separate civil procedure, which is similar to K.S.A. 60-1507. K.S.A. 60-1507 allows a prisoner in custody under sentence of a court of general jurisdiction to claim that he or she should be released because: (1) the sentence was imposed in violation of the constitutions or laws of the United States or the state of Kansas; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. Under 60-1507, the prisoner has the right to move the court which imposed the sentence to vacate, set aside, or correct the sentence at any time.

K.S.A. 60-1507, like 28 U.S.C. § 2255, provides the method for a prisoner to request that his or her sentence be set aside and the prisoner be granted a new trial for newly discovered evidence after the two-year limitation of 22-3501 has expired. See *Van Bebber v. State*, 220 Kan 3, 551 P.2d 878 (1976) (over five years after he pled guilty, defendant sought relief pursuant to

60-1507 based upon affidavits which purported to prove his innocence; relief denied).

After the district court ruled that the two-year limitation had expired, it considered Bradley's motion for a new trial. Following a review of the affidavits, the district judge denied Bradley's motion for a new trial stating: "[T]his Court knows and remembers Tyrone Bradley and Henry Fletcher Holliday and does not believe the testimony of either to be reliable or creditable." Bradley also appeals this ruling. As in the past, for judicial economy and the interest of justice, we are converting Bradley's 22-3501(1) motion for a new trial to a 60-1507 motion.

The granting of a new trial for newly discovered evidence is in the trial court's discretion. The same rules governing abuse of discretion for a trial court's refusal to grant a defendant's 22-3501(1) motion for a new trial for newly discovered evidence apply to appellate review of a denial to grant a new trial under 60-1507. A new trial should not be granted on the ground of newly discovered evidence unless the evidence is of such materiality that it would likely produce a different result upon retrial. The credibility of the evidence offered in support of the motion is for the trial court's consideration. The appellate review of an order denying a new trial is limited to whether the trial court abused its discretion. *Baker v. State*, 243 Kan. 1, 11, 755 P.2d 493 (1988). The test of the judge's abuse of discretion is whether no reasonable person would agree with the trial court. If any reasonable person would agree, appellate courts will not disturb the trial court's decision. *State v. Massey*, 242 Kan. 252, 264, 747 P.2d 802 (1987).

The district court knew both affiants from past experience and found them to be unreliable and lacking in credibility. Under the circumstances of this case, the district court did not abuse its discretion in denying Bradley a new trial based on newly discovered evidence.

The judgment of the district court is affirmed.