No. 105,854

STATE OF KANSAS, *Appellee*, v. STANTON HOLT, *Appellant*.

(313 P.3d 826)

Opinion filed December 6, 2013.

*Sam S. Kepfield,* of Hutchinson, argued the cause and was on the brief for appellant.

*Steven L. Opat,* county attorney, argued the cause, and *Derek Schmidt,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

NUSS, C.J.: Stanton Holt directly appeals the district court's summary dismissal of his motion for new trial filed 16 years after his convictions. Because we agree the motion was untimely, we affirm. Our jurisdiction is under K.S.A. 22-3601(b) (convicted of Class A felony; maximum sentence of life imprisonment imposed).

FACTS

In 1994, Holt was convicted by a jury of more than 60 offenses, including two counts of first-degree murder that arose out of a series of burglaries and related offenses in Junction City, Kansas. His controlling sentence is life plus 123 to 355 years. On direct appeal, Holt claimed jury instruction errors, insufficient evidence, and double jeopardy violations. This court affirmed in *State v. Holt* (*Holt I*), 260 Kan. 33, 917 P.2d 1332 (1996).

Holt has pursued many avenues of postconviction relief in Geary County District Court. He has filed four pro se habeas corpus motions under K.S.A. 60-1507; two pro se motions to correct an illegal sentence under K.S.A. 22-3504; a letter to the district court, which was treated as a motion for reconsideration; and the motion for new trial under K.S.A. 2010 Supp. 22-3501 (republished without amendment as K.S.A. 2012 Supp. 22-3501 and hereafter K.S.A. 2012 Supp. 22-3501), which is the subject of this appeal. He has also filed two habeas corpus motions under 28 U.S.C. § 2254 in United States District Court for the District of Kansas. Each of these motions was denied and affirmed on appeal, except for one motion to correct an illegal sentence that was granted by the Kansas

Court of Appeals for one count that did not affect Holt's controlling sentence. See *Holt v. State (Holt III)*, No. 89,273, 2003 WL 22990148, at *1 (Kan. App. 2003) (unpublished opinion).

Holt filed his first 60-1507 motion in 1997. It raised several issues, including defective and multiplicitous complaint/information, prosecutorial misconduct, and ineffective assistance of trial counsel. The district court appointed counsel and set an evidentiary hearing. Before the hearing, the State filed a motion to dismiss, which Holt's attorney acquiesced to and the district court granted. The Court of Appeals affirmed the dismissal, noting: "In the opinion of Holt's lawyer and the district court, the 60-1507 petition failed to raise substantial issues of law or triable issues of fact. On appeal, Holt cites nothing in the record to support his petition." *Holt v. State (Holt II)*, No. 81,489, unpublished opinion filed January 29, 1999 (Kan. App.), slip op. at 2.

Holt's second 60-1507 motion raised issues similar to the first, including defective and multiplicitous complaint/information, biased jury foreman, and ineffective assistance of counsel. Specifically, Holt claimed his trial counsel was ineffective for failing to object to prosecutorial misconduct, which denied him due process. The Court of Appeals affirmed the district court's dismissal of the motion, stating that the ineffective assistance of counsel claims raised in Holt's second 60-1507 motion were "a variation of issues Holt previously raised either in his direct appeal or in his initial 1507 motion." *Holt III*, 2003 WL 22990148, at *3. It further noted that the juror bias claim could have been raised on direct appeal or in his first 60-1507 motion.

Holt's third 60-1507 motion raised issues similar to both prior 60-1507 motions, including prosecutorial misconduct and ineffective assistance of trial counsel. After noting that the issues were resolved in Holt's direct appeal and two prior 60-1507 motions, the district court dismissed Holt's third motion as successive and an abuse of remedy. The Court of Appeals affirmed in *Holt v. State (Holt IV)*, No. 96,270, 2007 WL 1413131, at *2-4 (Kan. App. 2007) (unpublished opinion).

When Holt filed his third 60-1507 motion, he also filed a motion to correct illegal sentence under K.S.A. 22-3504. It also raised is-

sues similar to those contained in his direct appeal and prior 60-1507 motions, including defective and multiplicitous complaint/information, prosecutorial misconduct, biased jury foreman, and ineffective assistance of trial counsel. The district court summarily denied the motion, and the Court of Appeals affirmed. *State v. Holt (Holt V)*, No. 96,169, 2007 WL 1309615, at *2-4 (Kan. App. 2007) (unpublished opinion), *rev. denied* 284 Kan. 948 (2007).

Holt's fourth 60-1507 motion reprised several of his prior claims, including DNA inconsistencies, prosecutorial misconduct, biased jury foreman, and ineffective assistance of trial counsel. The district court dismissed this motion as successive. It also barred Holt from filing any more 60-1507 or similar motions. We agreed the motion was successive but also held that the district court exceeded its authority by issuing a blanket prohibitory order. We remanded to that court, authorizing the imposition of reasonable filing restrictions but requiring that Holt receive some level of notice and opportunity to be heard. *Holt v. State (Holt VI)*, 290 Kan. 491, 501, 232 P.3d 848 (2010). The record on appeal does not reveal whether any such conditions were ever imposed. But this is the backdrop against which Holt filed his motion for new trial in August 2010.

After the district court summarily dismissed Holt's motion as successive and untimely, he directly appealed to this court.

## ANALYSIS

Holt's motion for new trial raises several issues. But on appeal he claims only that the district court abused its discretion in its summary dismissal. Accordingly, this court declines to address the other issues as unpreserved. See *State v. McCaslin*, 291 Kan. 697, 709, 245 P.3d 1030 (2011) (issues not briefed are deemed waived or abandoned) (citing *State v. Richmond*, 289 Kan. 419, 437, 212 P.3d 165 [2009]).

Holt makes three arguments to support his claim of abuse of discretion. First, he contends that his motion for new trial was not untimely because the time-limiting language in K.S.A. 2012 Supp. 22-3501(1) is merely directory, not mandatory. In the alternative, Holt next argues that the court should have treated the motion as one for habeas relief under K.S.A. 60-1507. Finally, Holt claims—

for the first time on appeal—that he received ineffective assistance of counsel at his first 60-1507 motion hearing in 1997. This ineffectiveness in turn allegedly deprived him of any meaningful review of his convictions. The State agrees with the district court, arguing that the motion was untimely and successive and that dismissal was not an abuse of discretion.

*Standard of review*

This court reviews a district court's decision on a motion for new trial for abuse of discretion. *State v. Rojas-Marceleno*, 295 Kan. 525, 539, 285 P.3d 361 (2012). This standard includes a review to determine if the "judicial action . . . is based on an error of law, *i.e.*, if the discretion is guided by an erroneous legal conclusion." *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

Issue 1: *The time limit set out in K.S.A. 2012 Supp. 22-3501(1) for motions for new trial based on grounds other than newly discovered evidence is mandatory.*

The version of K.S.A. 22-3501(1) in effect at the time of Holt's August 2010 motion allows a court to grant a new trial "if required in the interest of justice." But it limits the time in which a defendant may file depending on the particular grounds supporting the motion:

"[a] A motion for a new trial based on the ground of newly discovered evidence may be made within two years after final judgment . . . . [b] A motion for a new trial based on any other grounds shall be made within 14 days after the verdict or finding of guilty or within such further time as the court may fix during the 14-day period." K.S.A. 2012 Supp. 22-3501(1).

Holt's motion for new trial is not based on newly discovered evidence but instead reprises many of his previous claims. Accordingly, it is subject to the 14-day time limit imposed by the statute for motions "based on any other grounds." But Holt argues that the statutory language—declaring that a motion based on grounds other than newly discovered evidence "*shall* be made within 14 days after the verdict or finding of guilty"—is directory, not mandatory. (Emphasis added.)

*Standard of review*

Statutory interpretation is a question of law over which this court has unlimited review. *State v. Jolly*, 291 Kan. 842, 845-46, 249 P.3d 421 (2011) (citing *State v. Ballard*, 289 Kan. 1000, 1010, 218 P.3d 432 [2009]). We have held that

" '[t]he fundamental rule to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained. When language is plain and unambiguous, there is no need to resort to statutory construction. An appellate court merely interprets the language as it appears; it is not free to speculate and cannot read into the statute language not readily found there.' *Zimmerman v. Board of Wabaunsee County Comm'rs*, 289 Kan. 926, Syl. ¶ 3, 218 P.3d 400 (2009)." *State v. Hopkins*, 295 Kan. 579, 581, 285 P.3d 1021 (2012).

But when the legislative intent cannot be derived from the plain language of the statute, this court may look to legislative history or employ other methods of statutory construction. See *State v. Raschke*, 289 Kan. 911, 914, 219 P.3d 481 (2009).

*Discussion*

Holt correctly observes that this court has sometimes interpreted "shall" to be directory. See, *e.g.*, *State v. McDaniel*, 292 Kan. 443, Syl. ¶ 1, 254 P.3d 534 (2011); *Raschke*, 289 Kan. at 914-15. So its meaning is not necessarily plain.

In *Raschke*, this court articulated four factors to consider in determining whether the legislature's use of "shall" makes a statutory provision mandatory or directory: "(1) legislative context and history; (2) substantive effect on a party's rights versus merely form or procedural effect; (3) the existence or nonexistence of consequences for noncompliance; and (4) the subject matter of the statutory provision . . . ." 289 Kan. at 921. While these factors are considered below, we start our analysis by reviewing the pre-*Raschke* case of *State v. Bradley*, 246 Kan. 316, 787 P.2d 706 (1990).

Bradley sought a new trial based on newly discovered evidence under K.S.A. 22-3501(1) (Ensley 1988), arguing that the statutory 2-year period of limitation for this ground was " 'discretionary and advisory.' " 246 Kan. at 317. The statute then provided, as it does now, that " '[a] motion for a new trial based on the ground of newly discovered evidence *may* be made within two years after final judg-

ment.' " (Emphasis added.) 246 Kan. at 317. And it further provided, similar to now, that a motion " 'based on any other grounds *shall* be made within 10 days after the verdict.' " (Emphasis added.) 246 Kan. at 317.

The *Bradley* court observed that K.S.A. 22-3501(1) was modeled after Federal Rule of Criminal Procedure 33, which at that time provided: " 'A motion for a new trial based on the ground of newly discovered evidence may be made *only before or* within two years after final judgment.' " 246 Kan. at 317. The court acknowledged that "[t]he italicized words do not appear in K.S.A. 22-3501(1)." 246 Kan. at 317. Nevertheless, like the decision of the court it cited, the *Bradley* court held that the intent of the 2-year limitation was "to terminate questions of guilt or innocence at a specific time after trial." 246 Kan. at 318 (citing *United States v. White*, 557 F.2d 1249, 1251 [8th Cir.], *cert. denied* 434 U.S. 870 [1977]). As a result, the court concluded the limitation imposed by K.S.A. 22-3501(1) was final, which meant the district court properly found Bradley's motion was time-barred, as it was filed almost 7 years after his convictions were affirmed on appeal. *Bradley*, 246 Kan. at 318-19.

The *Bradley* court essentially interpreted K.S.A. 22-3501(1)'s "*may* be made within two years" language as mandatory, not directory. (Emphasis added.). Using *Bradley*'s analysis and holding as precedent, a fortiori this court should also interpret K.S.A. 2012 Supp. 22-3501(1)'s "*shall* be made within 14 days" language as mandatory. (Emphasis added.) *Cf. State v. Andrews*, 228 Kan. 368, 375, 614 P.2d 447 (1980) (characterizing a K.S.A. 22-3501(1) motion for new trial based on grounds other than newly discovered evidence as "the customary motion for a new trial which *must* be filed within ten days") [emphasis added]).

Moreover, this *Bradley*-based result stands up to the *Raschke* factors analysis.

### Factor 1: Legislative context and history

The legislature clearly intended to establish different timelines for new trial motions, distinguishing between those based on (a) newly discovered evidence and (b) any other grounds. The former has a generous deadline of "two years after final judgment"—a

period that would generally begin when the appellate mandate is issued. See K.S.A. 2012 Supp. 22-3501(1), *cf. Baker v. State,* 297 Kan. 486, 491-92, 303 P.3d 675 (2013) (1-year period to file a motion under K.S.A. 60-1507 begins the date the mandate is issued in the underlying appeal when the movant is in custody under sentence). By contrast, the latter has a much shorter deadline of "14 days after the verdict or finding of guilty or within such further time as the court may fix during the 14-day period." K.S.A. 2012 Supp. 22-3501(1).

Irrespective of the *Bradley* decision, if the 14-day deadline is merely directory, as Holt contends, then there would appear to be no legislative need to craft these careful distinctions between deadlines. Similarly, if the 14-day deadline is only directory, there would appear to be no real purpose behind the legislature's extension of the deadline from 10 to 14 days in 2010. See *Hawley v. Kansas Dept. of Agriculture,* 281 Kan. 603, 631, 132 P.3d 870 (2006) (There is a presumption that the legislature does not intend to enact useless or meaningless legislation.). So this *Raschke* factor strongly supports a holding that "shall be made" in K.S.A. 2012 Supp. 22-3501(1) be read as mandatory.

> *Factors 2 and 3: Substantive effect on a party's rights versus merely form or procedural effect and consequences for non-compliance*

Holt argues that K.S.A. 22-3501(1)'s "shall be made" language is directory under the

> "general rule that where strict compliance with the provision is essential to the preservation of the rights of parties affected and to the validity of the proceeding, the provision is mandatory, but where the provision fixes a mode of proceeding and a time within which an official act is to be done, and is intended to secure order, system, and dispatch of the public business, the provision is directory." *State v. Deavers,* 252 Kan. 149, 167, 843 P.2d 695 (1992).

Holt implies that the time limit should be read as directory because it does not have a substantive effect on the rights of the parties. Instead it simply fixes a time within which an official act may be accomplished.

We have held that a principal purpose of a motion for new trial filed on grounds other than newly discovered evidence is to call alleged trial errors to the attention of the trial court. See *State v. Jackson*, 255 Kan. 455, 460, 874 P.2d 1138 (1994) (quoting *Andrews*, 228 Kan. at 375). This allows errors to be addressed and possibly cured by the lower court—or preserved for later review by the appellate courts.

It is therefore logical for the legislature to set a deadline to serve this purpose and, for the same reason, to make the deadline for soon after a verdict or judgment. But reading the 14-day deadline of K.S.A. 2012 Supp. 22-3501(1) as anything but mandatory jeopardizes the preservation of the rights of the parties affected. More specifically, if a defendant waits long enough to raise errors for the first time in a motion for new trial—here, 14 years after the convictions were affirmed on appeal—the ability of the trial court to effectively address the errors is lost. Also lost is the defendant's right to have raised those errors on the direct appeal of the convictions. We reach this conclusion because generally "[a] point not raised in the district court cannot be raised for the first time on appeal." *State v. Bledsoe*, 272 Kan. 1350, 1362, 39 P.3d 38 (2002) (citing *State v. McDaniel*, 255 Kan. 756, 765, 877 P.2d 961 [1994]). And if the right to have raised the errors on direct appeal is lost, it logically follows that the right should also be lost on any later-filed motion for new trial. *Cf. State v. Burgess*, 245 Kan. 481, 488, 781 P.2d 694 (1989) (defendant failed to preserve for appellate review his claim that trial court erred in refusing to have the testimony read back to jury when he failed to raise the issue in his motion for a new trial).

Additionally, a "merely directory" interpretation imperils the validity of the post-trial proceeding. More specifically, K.S.A. 2012 Supp. 22-3608(c) provides that "the defendant shall have 14 days after the judgment of the district court to appeal." Allowing a motion for new trial to be brought past the 14-day deadline in K.S.A. 2012 Supp. 22-3501(1) would therefore appear to confusingly mix trial and appellate court jurisdiction. See *State v. Gibbons*, 256 Kan. 951, Syl. ¶ 10, 889 P.2d 772 (1995) ("When a criminal appeal is docketed, the trial court's jurisdiction ends and the sentence may

then be modified only after the mandate from the Supreme Court or Court of Appeals is returned, or by motion to remand temporarily for modification of sentence. The filing of a notice of appeal divests the district court of jurisdiction to hear a motion to modify a sentence.").

We conclude the second and third factors of *Raschke* also support a reading that "shall be made" is mandatory.

*Factor 4: Subject matter of the statutory provision*

The *Bradley* court concluded that motions for new trial regarding newly discovered evidence must be filed within the 2-year time limit set out in the statute. As mentioned, this conclusion easily supports a similar interpretation of the statutory 14-day limitation for new trial motions based on other grounds. Furthermore, a motion for new trial is one of several often filed in efforts to obtain postconviction relief. In addition to a motion for new trial under K.S.A. 2012 Supp. 22-3501, it is not uncommon for a defendant to file, *e.g.*, a motion to arrest judgment under K.S.A. 2012 Supp. 22-3502, a motion to withdraw a plea under K.S.A. 2012 Supp. 22-3210, or a habeas motion under K.S.A. 60-1507.

K.S.A. 2012 Supp. 22-3502, K.S.A. 2012 Supp. 22-3210, and K.S.A. 60-1507 establish time limits for bringing their respective motions, which have been held by this court to be finite. See *State v. McCoin*, 278 Kan. 465, 467, 101 P.3d 1204 (2004) (K.S.A. 22-3502 (Furse) stated that "[t]he motion for arrest of judgment shall be made within 10 days" after a plea "or within such further time as the court may fix during the 10-day period"; motion filed 2 years after entering plea was untimely); *State v. Moses*, 296 Kan. 1126, 1128, 297 P.3d 1174 (2013) (K.S.A. 2009 Supp. 22-3210[e] stated that action to withdraw plea "must be brought within one year" of certain events, subject to extension upon showing of excusable neglect by defendant; motion filed 16 years after sentencing was untimely); *State v. Kelly*, 291 Kan. 868, 873, 248 P.3d 1282 (2011) (K.S.A. 60-1507[f] states that a habeas motion "must be brought within one year" of certain events, subject to extension to prevent manifest injustice; motion filed 16 years after sentencing was untimely).

While these latter two statutes articulate *"must* be brought" standards, they nevertheless contain parallels with the *"shall* be made" standards of K.S.A. 2012 Supp. 22-3501(1) and K.S.A. 2012 Supp. 22-3502. Simply put, motions under all four statutes can potentially provide relief through granting of a trial or retrial. Given their similar relief, it is doubtful the legislature would make the deadlines for these two particular motions for relief mandatory, while similar motions for relief—*e.g.*, under K.S.A. 2012 Supp. 22-3501—would be merely directory. This conclusion is particularly true when considering that the *McCoin* court ruled a motion to arrest judgment under K.S.A. 22-3502 (Furse) filed 2 years after the plea was untimely and the statutory language was identical to K.S.A. 2012 Supp. 22-3501(1)'s: "shall be made."

In short, this *Rashke* factor, like the other three, supports a conclusion that the language of K.S.A. 2012 Supp. 22-3501(1) regarding motions for new trial based on grounds other than newly discovered evidence should be read as mandatory.

Finally, Holt is not entitled to an extension under the statute. K.S.A. 2012 Supp. 22-3501(1) provides that "[a] motion for new trial based on any other grounds shall be made within 14 days after the verdict or finding of guilty *or within such further time as the court may fix during the 14-day period."* (Emphasis added.) A plain reading of this language requires that any extension be granted within the 14-day period following the verdict or finding of guilty. Though K.S.A. 2012 Supp. 22-3501(1) provides that a new trial may be granted in the interest of justice, the "interest of justice" clause has no bearing on the statutory time limit. See *Bradley*, 246 Kan. at 318.

We conclude that Holt's motion for new trial filed 14 years after his convictions were affirmed on appeal was untimely under the language of the statute. So the district court did not abuse its discretion in summarily dismissing it as untimely. See *Ward*, 292 Kan. 541, Syl. ¶ 3 (discretion abused if it is guided by an erroneous legal conclusion).

*Issue 2: Holt's motion for new trial could be considered as a motion for habeas relief under K.S.A.60-1507, but it was also untimely filed under that provision and is therefore procedurally barred.*

Holt filed his pro se motion for new trial only a few months after this court issued its opinion authorizing the district court to restrict his future 60-1507 filings. See *Holt VI*, 290 Kan. at 503. Instead of raising any new issues, the motion for new trial simply repeats many of the claims raised by Holt in previous motions for postconviction relief. In light of this background, Holt's motion is fairly characterized as an attempt to avoid any habeas filing restrictions we previously authorized the district court to impose but upon which the record on appeal is silent. So it will be treated as a 60-1507 motion.

This court has a long history of converting mislabeled motions for postconviction relief into 60-1507 motions. See, *e.g.*, *Kelly*, 291 Kan. at 872 (treating a motion to withdraw pleas as a 60-1507 motion); *State v. Randall*, 257 Kan. 482, Syl. ¶ 1, 894 P.2d 196 (1995) (motion to convert sentence); *Bradley*, 246 Kan. at 318 (motion for new trial). But even when treated as a 60-1507 claim, Holt's motion is still untimely.

K.S.A. 60-1507(f) sets forth the time limitation for bringing those motions:

"(f) *Time limitations.* (1) Any action under this section must be brought within one year of: (i) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction . . . .

"(2) The time limitation herein may be extended by the court only to prevent a manifest injustice."

Holt is well beyond the time limit prescribed in K.S.A. 60-1507(f)(1)(i). So he must demonstrate that an extension is necessary to "prevent a manifest injustice." See K.S.A. 60-1507(f)(2); *Kelly*, 291 Kan. at 873 (movant has burden to show manifest injustice). " 'Manifest injustice' has been described in other contexts as meaning 'obviously unfair' or 'shocking to the conscience.' " 291 Kan. at 873 (quoting *Ludlow v. State*, 37 Kan. App. 2d 676, 686, 157 P.3d 631 [2007]).

For Holt's claim of a defective and multiplicitous information/ complaint, he pled: "Manifest injustice . . . as a result of Fundamental Unfairness of Substantial and Injurious Effect from Prejudicial Conspiracy of Judicial Official Capacity, *U.S. v. Harris*, 997 F.2d 812, 819 (10th Cir. 1993)." But he did not point to any specific facts that support his claim. He therefore failed to meet his burden to demonstrate entitlement to an extension. So we conclude that the district court properly dismissed Holt's motion as untimely. Because dismissal of the motion was proper due to its untimely filing, we need not address the district court's additional holding that the motion was successive.

Finally, we do not consider Holt's claim of ineffective assistance of counsel at his first 60-1507 motion hearing in 1997 because he raises it for the first time on appeal. See *Bledsoe*, 272 Kan. at 1362. And he does not assert any reason for us to make an exception to this rule.

Affirmed.