NOT DESIGNATED FOR PUBLICATION

No. 112,576

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALVIE L. OLDS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DOUGLAS R. ROTH, judge. Opinion filed October 23, 2015. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., STANDRIDGE, J., and BURGESS, S.J.

*Per Curiam*: Alvie L. Olds appeals from the district court's summary denial of his motion for a new trial. The district court denied the motion because it was untimely and successive. On appeal, Olds contends that the district court erred in denying his motion following a nonevidentiary hearing and suggests that he was entitled to an evidentiary hearing on his motion. In particular, he contends that alleging he is actually innocent is sufficient to constitute a manifest injustice and an exceptional circumstance to justify an untimely and successive motion. Based on our review of the record, however, we do not find Olds' contentions to have merit. Thus, we affirm.

1

The State originally charged Olds with one count of attempted sexual exploitation of a child, a level 7 person felony. But on June 15, 2007, Olds pled guilty to one count of misdemeanor promoting obscenity, and the district court sentenced him to serve 5 months in jail. His sentence was ordered to run consecutive to a case for which he was on parole at that time. Although Olds filed an untimely notice of appeal on October 30, 2007, he subsequently voluntarily dismissed the appeal with prejudice to pursue other remedies. See *Olds v. State*, No. 104,055, 2011 WL 2796719, at *1 (Kan. App. 2011) (unpublished opinion).

On June 17, 2008, Olds filed a pro se motion to withdraw his plea. In the motion, Olds alleged that his "[p]lea was never given freely or voluntarily in front of a judge in violation of K.S.A. 22-3210(d)." He claimed that his "[c]ourt appointed attorney was ineffective," including claims that his attorney "used false information in motion to suppress evidence pursuant to warrantless search and motion to suppress statement"; and that his attorney failed "to have evidence examined"; "to call and question witness"; and "to have case dismissed after State witness admitted no child porn found on computer." He alleged that the attorney took the plea even though there was no evidence to support it. He also alleged that the prosecutor committed misconduct by prosecuting the case with falsified documents, an involuntary statement, and after a State witness "admitted information on affidavit for search warrant was 'a lie' and no child porn was found on computer."

On August 6, 2008, the district court overruled Olds' motion to withdraw plea, stating that his guilty plea "was entered on a misdemeanor charge and pursuant to K.S.A. 22-3210(c) may be entered by counsel." Evidently, Olds did not appeal this decision by the district court.

On October 17, 2008, Olds filed a K.S.A. 60-1507 motion. Olds argued that he was held in custody unlawfully because (1) no crime had been committed; (2) police tampered with and falsified evidence; (3) his defense counsel used false information in his motions to suppress, failed to file a motion to dismiss after the State's witness admitted there was no child pornography on his computer, and entered Olds' plea without supporting evidence; and (4) the prosecutor committed misconduct by continuing to prosecute with falsified documents. Although the district court initially granted Olds an evidentiary hearing on the motion, it later denied the motion on November 30, 2009, finding that Olds consented to his defense counsel's entering of the plea.

Olds appealed the district court's decision on his K.S.A. 60-1507 motion. But before this court could decide the appeal, Olds filed another pro se motion entitled "Motion for Correction of a Miscarriage of Justice Due to Actual Innocence" on February 11, 2009. In the motion, he stated that he had a K.S.A. 60-1507 motion presently before the court, and he argued that the court should review his case in its entirety because he claimed he was actually innocent. The State filed a response to the motion, arguing that the court should dismiss the motion due to Olds' pending K.S.A. 60-1507 motion. The district court agreed and denied the motion on April 3, 2009, stating that the motion should be resolved in the pending K.S.A. 60-1507 proceeding.

On July 15, 2011, a panel of this court issued its decision in Olds' appeal from the denial of his K.S.A. 60-1507 motion. *Olds*, 2011 WL 2796719. The panel rejected Olds' argument that his K.S.A. 60-1507 counsel was ineffective for failing to raise all the issues contained in his K.S.A. 60-1507 motion. The panel also determined, however, that Olds could not show prejudice on this issue because "[t]he district court had already addressed and rejected all of the allegations in Olds' 60-1507 motion when it considered his prior motion to withdraw his plea." 2011 WL 2796719, at *4. Nevertheless, the panel determined that the district court did not rule on any of the issues contained in Olds' K.S.A. 60-1507 motion, so it vacated the judgment and remanded the motion for explicit

findings of fact and conclusions of law as required by Supreme Court Rule 183(j) (2010 Kan. Ct. R. Annot. 255). 2011 WL 2796719, at *5.

On May 2, 2012, the district court entered its findings of fact and conclusions of law on remand. The district court determined that the allegations Olds raised in his K.S.A. 60-1507 motion had already been litigated in his pro se motion seeking to withdraw his plea. Accordingly, the district court again denied the motion. Although Olds filed an out-of-time appeal of this decision, he later voluntarily withdrew his notice of appeal.

Before Olds filed his out-of-time appeal from his K.S.A. 60-1507 motion, he filed a pro se motion for a new trial on April 8, 2013. It is this motion that is the subject of the present appeal. In his motion for a new trial, Olds alleged that the "[p]robable cause information and documents were falsified," that "[e]vidence was manufactured" against him, and that he was innocent of the charges. The State filed a response, arguing among other things that the motion was untimely, successive, an abuse of remedy, and barred by res judicata. The State also argued that Olds waived his right to raise the allegations set forth in the motion for a new trial because he entered a guilty plea and voluntarily waived his right to trial.

On April 2, 2014, the district court held a nonevidentiary hearing on the motion for new trial. Olds' counsel allowed his client's argument to stand on the pro se motion without arguing further. The district court denied the motion "for reasons stated on the record" and found "no need for evidence" because "[t]he matter can be decided on the court files." In addition, the district court found that the issues presented were "previously decided, including on appeal, as set out in appellate decision." In a journal entry entered on May 16, 2014, the district court found that Olds' allegations had previously been raised and decided. The district court also adopted the conclusions of law contained in the State's response, which included that the motion was untimely, successive, an abuse of

4

remedy, and barred by res judicata and law of the case. Olds timely filed a notice of appeal from the district court's decision denying this motion.

ANALYSIS

Although Olds admits that his motion for a new trial was untimely pursuant to K.S.A. 22-3501(1), he argues that the district court erred in failing to construe his motion for new trial as a K.S.A. 60-1507 motion. See *State v. Holt*, 298 Kan. 469, 480, 313 P.3d 826 (2013) ("This court has a long history of converting mislabeled motions for postconviction relief into 60-1507 motions."); see also *Fischer v. State*, 296 Kan. 808, 822-23, 295 P.3d 560 (2013) (stating that if the court determines from the motion, files, and records that a substantial issue is presented, it shall hold a full hearing). A review of the record reveals, however, that the district court found that even if the motion for a new trial were treated as a K.S.A. 60-1507 motion, it was still filed out of time. Thus, because the district court denied Olds' motion without an evidentiary hearing, our review is de novo review. *Edgar v. State*, 294 Kan. 828, 836, 283 P.3d 152 (2012).

Here, we find that Olds was sentenced on June 15, 2007, and did not file a direct appeal. Hence, Olds' motion filed on April 8, 2013, was filed out of time—regardless of whether it was a motion for new trial or a K.S.A. 60-1507 motion. Clearly, the motion was well beyond the 1-year time limitation in K.S.A. 60-1507(f)(1). Thus, we conclude that Olds' motion was untimely.

Accordingly, Olds must show that manifest injustice would occur unless the time limitation for filing a K.S.A. 60-1507 motion is extended. To determine manifest injustice, we consider the totality of the circumstances, including, but not limited to, whether Olds provided persuasive reasons or circumstances that prevented him from timely filing the motion, whether the merits of his claim raise substantial issues of law or fact deserving of the district court's consideration, and whether he sets forth "a colorable

5

claim of actual innocence, *i.e.*, factual, not legal, innocence." See *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014).

Olds argues only that manifest injustice would occur if he does not receive an evidentiary hearing because he has alleged that he is actually innocent. Although it is true that Olds' motion contains the conclusory statement that he is actually innocent of the charge to which he pled, he provides no allegations—much less evidence—to support this claim. Without something more than a conclusory statement, we find that Olds has failed to demonstrate a colorable claim of actual innocence. See *Vontress*, 299 Kan. at 618; See *Bedford v. State*, No. 110,023, 2014 WL 3843097, at *5 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. ___ (2015). Thus, we conclude that Olds has failed to show manifest injustice, and, as such, his motion was untimely.

Because we agree with the district court's finding that the motion was untimely filed, we do not address whether the district court also correctly denied it as successive. See *State v. Holt*, 298 Kan. 469, 481, 313 P.3d 826 (2013) (finding dismissal of K.S.A. 60-1507 motion was proper due to its untimely filing, so no need to address district court's additional holding that motion was successive).

Affirmed.