NOT DESIGNATED FOR PUBLICATION

No. 112,971

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JAMAL R. WILLIAMS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; J. PATRICK WALTERS, judge. Opinion filed December 11, 2015. Affirmed.

*Michael P. Whalen* and *Krystle M.S. Dalke*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., LEBEN and BRUNS, JJ.

*Per Curiam*:  In an appeal following a remand to the district court for a full evidentiary hearing, Jamal R. Williams challenges the district court's order denying his K.S.A. 60-1507 motion. Williams contends that the district court should have granted him a new trial because of newly discovered evidence suggesting that he was acting in self-defense when he shot the victim. However, the district court's decision rests primarily on its determination of the witnesses' credibility, which is beyond the scope of

1

our review. Accordingly, we conclude that the district court did not abuse its discretion in denying Williams a new trial. Thus, we affirm.

FACTS

The facts of Williams' underlying criminal case as well as his several postconviction motions are set forth as follows in *Williams v. State*, No. 109,228, 2014 WL 1362994, at *1-2 (Kan. App. 2014) (unpublished opinion):

"Williams was convicted by a jury of aggravated battery in 1996. He was given a departure sentence of 250 months in prison and 36 months of postrelease supervision. Williams directly appealed his conviction, claiming violations of his statutory and constitutional speedy trial rights, and this court affirmed his convictions. *State v. Williams*, No. 77,866, unpublished opinion filed July 24, 1998, *rev. denied* 265 Kan. 889 (1998).

"Williams has since filed at least nine postconviction motions challenging either his conviction or sentence. *State v. Williams*, No. 105,009, 2011 WL 6310442, at *1 (Kan. App. 2011) (unpublished opinion), *rev. denied* 296 Kan. 1136 (2013); *State v. Williams*, No. 87,905, unpublished opinion filed July 12, 2002. Three of these were motions challenging his sentence as illegal. He filed the first motion to correct an illegal sentence in 2001, in which he alleged his upward departure sentence was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). The district court denied this motion, and the Kansas Supreme Court affirmed that denial. *Williams*, No. 87,905. Williams filed the second motion in 2006, which alleged the aggravating factors relied on by the district court for his departure sentence were imposed without being proved beyond a reasonable doubt to the jury. The district court denied this motion as res judicata based on the prior Kansas Supreme Court decision, and a panel of this court summarily affirmed. The third motion filed in 2010 alleged that the upward durational departure sentence was illegal under *Apprendi* and that Williams' claims of ineffective assistance of trial and appellate counsel were not raised in a prior appeal. The district court denied this motion as res judicata, having been previously decided on appeal, and a panel of this court affirmed. *Williams*, 2011 WL 6310442.

"The other motions were K.S.A. 60-1507 motions. Although Williams listed six previous K.S.A. 60-1507 motions in the K.S.A. 60-1507 motion to the district court below, he did not provide the records of any of those district court actions in the record on appeal. As such, we do not know what issues were raised in these prior motions.

The instant K.S.A. 60-1507 motion was filed on August 2, 2012. Although Williams raised claims of prosecutorial misconduct and ineffective assistance of appellate counsel in this motion, the crux of his claim was the existence of newly discovered evidence that he says is so vital to the theory of self-defense he presented at trial that it would be likely to produce a different result upon retrial. To support his claim, Williams attached to his motion an affidavit signed by Tress Morgan, the nephew of the victim, Yusef Presley. Morgan's affidavit stated that in March 2011, Presley told Morgan that Presley had a gun on his person during the altercation in which Williams was charged with aggravated battery, but Presley passed the gun off to someone else before Presley was taken to the hospital. Presley also told Morgan that Presley and another witness testified against Williams only because the district attorney threatened to revoke their probation if they did not testify. Finally, Presley told Morgan that another witness testified against Williams only because the district attorney told that witness she would lose her kids if she did not do so.

"On September 13, 2012, the district court summarily denied Williams' motion. The court rendered its decision on a preprinted form order by checking the box next to the statement providing:  'Court declines to exercise jurisdiction because your request represents a second or successive motion for similar relief, and fails to set forth facts demonstrating manifest injustice or exceptional circumstances to warrant relief. K.S.A. 60-1507(c).'

"Williams filed a motion for reconsideration on grounds that the district court failed to make adequate findings of fact and conclusions of law on the issue of exceptional circumstances as required by Supreme Court Rule 183(j) (2013 Kan. Ct. R. Annot. 278). To that end, Williams argued in the motion for reconsideration that the new evidence created the exceptional circumstance required to justify having the court consider a successive K.S.A. 60-1507 motion. Nevertheless, the district court denied the motion for reconsideration."

3

On April 4, 2014, Williams' K.S.A. 60-1507 motion was remanded to the district court's decision for an evidentiary hearing on Williams' claim of newly discovered evidence. 2014 WL 1362994, at *4. Specifically, the district court was directed to determine the affiant's credibility as well as the credibility of any other witnesses who may support Williams' claim. 2014 WL 1362994, at *3.

On September 24, 2014, the district court conducted an evidentiary hearing at which Williams testified in support of his motion. According to Williams, he met Presley's nephew, Tress Morgan, in 2012 while the two were incarcerated in the El Dorado Correctional Facility (EDCF). Williams claimed that Morgan told him that he spoke with Presley, who admitted to having a gun in his belt at the time of the shooting but was unable to draw the weapon before Williams shot him. Moreover, in the affidavit purportedly signed by Morgan, it is alleged that before Presley was taken to the hospital following the shooting, he gave his gun to a person named Clinton a/k/a "June Pee Wee" May.

Presley testified that he had never spoken about the shooting to Morgan or anyone else in the past 4 years. According to Presley, he did not know where Morgan was or whether he was incarcerated. Presley further testified that he had been in federal custody since his arrest on September 20, 2011. As such, he was prohibited from speaking with anyone incarcerated at another prison.

Morgan testified that shortly after he arrived at EDCF in April 2012, he met Williams, discussed Williams' case, and reviewed some paperwork that Williams possessed. However, he denied ever talking to Presley about the shooting and claimed that he had not spoken with Presley since 2009. Morgan testified that when Williams asked him to write an affidavit, he refused to do so and that he did not see the purported affidavit until Williams' attorney showed it to him a few days before the evidentiary

4

hearing. In addition, Morgan testified that he had nothing to do with the affidavit and that he did not recognize the notary who signed the alleged affidavit.

The State also questioned Morgan about some specific allegations made in the purported affidavit. For example, the purported affidavit claims that in March 2011, Morgan befriended a fellow inmate named Damion Vontress while the two were located at Lansing Correctional Facility (LCF). However, Morgan agreed with a KASPER report, which indicated that he was not transported to LCF until September 21, 2011. Morgan was also asked about another KASPER report that evidently indicated Vontress was on parole in Sedgwick County in March 2011. Moreover, Morgan denied that he ever worked in the kitchen at LCF as alleged in the purported affidavit.

On November 19, 2014, the district court entered an order denying Williams' K.S.A. 60-1507 motion. Thereafter, Williams filed this appeal.

ANALYSIS

Williams contends that the district court's findings of fact are insufficient to support its conclusions of law as required by Supreme Court Rule 183(j) (2015 Kan. Ct. R. Annot. 271). On appeal, we review the district court's findings of fact to determine whether they are supported by substantial competent evidence and are sufficient to support the court's conclusions of law. *State v. Adams*, 297 Kan. 665, 669, 304 P.3d 311 (2013). Substantial evidence refers to legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. *State v. May*, 293 Kan. 858, 862, 269 P.3d 1260 (2012). We review the district court's ultimate conclusions of law de novo. *Adams*, 297 Kan. at 669.

Although Williams never filed a motion for new trial, he filed a K.S.A. 60-1507 motion asking this court to reverse and remand this case for a new trial based on newly

5

discovered evidence. See *State v. Holt*, 298 Kan. 469, 480, 313 P.3d 826 (2013) (treating movant's motion for new trial as a motion for habeas relief under K.S.A. 60-1507); *Moncla v. State*, 285 Kan. 826, 839-41, 176 P.3d 954 (2008) (considering movant's claim for a new trial based on newly discovered evidence that he raised in a K.S.A. 60-1507 motion). A district court may grant defendant a new trial "if required in the interest of justice." K.S.A. 22-3501(1). We review a trial court's decision on a motion for new trial for an abuse of discretion. *State v. Soto*, 301 Kan. 969, 977, 349 P.3d 1256 (2015). Abuse of discretion means that the decision was (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *Fischer v. State*, 296 Kan. 808, 825, 295 P.3d 560 (2013).

To establish the right to a new trial based upon newly discovered evidence, a criminal defendant must establish: (1) that the newly proffered evidence could not have been produced at trial with reasonable diligence; and (2) that the newly discovered evidence is of such materiality that it would be likely to produce a different result upon retrial. *State v. Laurel*, 299 Kan. 668, 676, 325 P.3d 1154 (2014). In the present case, a prior panel of this court has already determined that Williams could not have presented with reasonable diligence the proffered evidence set forth in the purported affidavit since he claims that Morgan and Presley did not speak with each other until well after his conviction. *Williams*, 2014 WL 1362994, at *3. Accordingly, we are left with the question of whether the alleged newly discovered evidence is material.

The Kansas Supreme Court has explained that when determining the materiality of alleged newly discovered evidence,

"[T]he district court must assess the credibility of the newly proffered evidence. [Citations omitted.] Ordinarily, a new trial is not warranted when the newly proffered evidence merely tends to impeach or discredit the testimony of a witness. [Citations omitted.] [And], even when the evidence tends to impeach the testimony of a witness, the

6

presence or absence of corroborating evidence is another factor to consider in determining whether the newly discovered evidence is of such materiality that it is likely to produce a different result upon retrial. [Citations omitted.]" *State v. Rojas-Marceleno*, 295 Kan. 525, 540, 285 P.3d 361 (2012).

On appeal, however, we are not to reassess the district judge's credibility determination made after an evidentiary hearing. *Laurel*, 299 Kan. at 676-77; see *State v. Betancourt*, 301 Kan. 282, 302, 342 P.3d 916 (2015). Here, the district court based its materiality determination on the credibility—or lack thereof—of the Williams' testimony and of the purported affidavit submitted in support of the K.S.A. 60-1507 motion. See *State v. Warren*, 302 Kan. ___, 356 P.3d 396, (No. 107,159, filed August 28, 2015), slip op. at 20 ("'Zero credibility means zero materiality and zero chance that the outcome of a retrial would be different.'") (quoting *Laurel*, 299 Kan. at 676-77). Furthermore, a review of the record reveals that there is substantial evidence to support the district court's determination that neither the purported affidavit nor Williams' testimony was credible, and we decline Williams' invitation to reassess this determination. See *Laurel*, 299 Kan. at 676-77.

Rather, we find that the district court properly found an absence of corroborating evidence to support the purported affidavit. Although Williams points to certain consistencies between his and Morgan's testimony, the differences are even starker. Not only did Morgan deny creating or having anything to do with the purported affidavit, he also denied ever speaking to Presley about the shooting. Moreover, Presley testified that he was in federal prison at the time he allegedly spoke to Morgan about the shooting and that he was prohibited from talking to inmates in other prisons. Perhaps the most significant piece of evidence undermining the purported affidavit's validity is Morgan's KASPER report indicating that Morgan did not arrive at LCF until 6 months after the date that he allegedly met Vontress at LCF's kitchen.

We, therefore, conclude that the district court's decision was supported by substantial evidence and that the district court did not abuse its discretion by finding that Williams was not entitled to a new trial based on newly discovered evidence.

Affirmed.