NOT DESIGNATED FOR PUBLICATION

No. 113,196

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STANTON HOLT,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Geary District Court; MARITZA SEGARRA, judge. Opinion filed January 15, 2016. Affirmed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Steven L. Opat*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., HILL and STANDRIDGE, JJ.

*Per Curiam*:  Stanton Holt appeals the district court's decision to summarily deny his K.S.A. 60-1507 motion without an evidentiary hearing.

In 1994, Holt was convicted by a jury of over 60 offenses, including two counts of first-degree murder. He was ordered to serve two consecutive life sentences plus 123 to 355 years in prison. Holt appealed his sentence. The Kansas Supreme Court ultimately affirmed his convictions. *State v. Holt*, 260 Kan. 33, 917 P.2d 1332 (1996).

1

Since his convictions were affirmed on direct appeal, Holt has sought postconviction relief on several occasions without success.

"[Holt] has filed four pro se habeas corpus motions under K.S.A. 60-1507; two pro se motions to correct an illegal sentence under K.S.A. 22-3504; a letter to the district court, which was treated as a motion for reconsideration; and the motion for new trial under K.S.A. 2010 Supp. 22-3501 . . . . He has also filed two habeas corpus motions under 28 U.S.C. § 2254 in United States District Court for the District of Kansas." *State v. Holt*, 298 Kan. 469, 470-71, 313 P.3d 826 (2013).

In July 2014, Holt filed another K.S.A. 60-1507 motion. In it, he asserted (1) ineffective assistance of his first K.S.A. 60-1507 counsel, (2) defective complaint/ information, (3) change of venue, (4) trial judge bias, (5) jury foreman bias, (6) DNA inconsistencies, and (7) ineffective assistance of trial counsel. The district court found Holt's motion was successive and that no intervening changes in the law justified granting the motion.

When a district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). A movant bears the burden of showing he or she is entitled to an evidentiary hearing. Even if that showing is made, however, district courts are not required to entertain a second or successive K.S.A. 60-1507 motion requesting similar relief on behalf of the same defendant. See K.S.A. 60-1507(c); *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013); Supreme Court Rule 183(d) (2015 Kan. Ct. R. Annot. 271). "A movant in a K.S.A. 60-1507 motion is presumed to have listed all grounds for relief"; thus, the prohibition against successive motions does not only bar claims raised in prior motions, it also prohibits any claims that could have been raised in a prior motion. *Trotter*, 296 Kan. 898, Syl. ¶ 2.

Upon review of Holt's motion here, we find six of the seven issues raised have been raised before. Although the record does not include most of Holt's previous postconviction motions, the previous appellate decisions related to those motions provide sufficient information from which to conclude that the six issues in Holt's current motion have been raised before and thus are successive. The only issue that was not previously raised was Holt's assertion that the attorney appointed to assist him with his first K.S.A. 60-1507 motion provided ineffective assistance of counsel. Although it is unclear whether Holt previously raised this issue, we decline to address the merits because we find it also is successive; Holt could have raised it in any of the previous motions he filed after his initial motion. See *Trotter*, 296 Kan. 898, Syl. ¶ 2.

Despite the successive nature of Holt's motion, Holt argues the United States Supreme Court's ruling in *Martinez v. Ryan*, 566 U.S. __, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), constituted an intervening change in the law that justifies consideration of his motion at an evidentiary hearing. In *Martinez*, the United States Supreme Court noted that federal courts generally will not review the merits of a claim attacking the constitutionality of a state prisoner's conviction and sentence if the state court has already declined to hear the claim due to the prisoner's failure to abide by state procedural rules. 132 S Ct. at 1316. The *Martinez* Court, however, created an exception to this rule in cases where (1) a claim of ineffective assistance of trial counsel must be raised in a collateral proceeding and (2) the prisoner was not provided counsel for the initial collateral proceeding or counsel in that proceeding was ineffective. In such cases, a mere procedural default by the prisoner in state court will not bar a federal habeas court from hearing the merits of that claim. 132 S. Ct. at 1320.

Relying on *Martinez*, Holt argues the attorney appointed to assist him with his first K.S.A. 60-1507 motion was ineffective in that the attorney acquiesced to the State's motion to dismiss the K.S.A. 60-1507 motion; thus, he is entitled to an evidentiary hearing on his current motion. We find Holt's argument unconvincing for two reasons.

First, the *Martinez* holding applies only to cases brought in federal court. 132 S Ct. at 1320. Therefore, *Martinez* does not impact the manner in which Kansas courts interpret and apply their own procedural rules. Holt acknowledges this in his brief but nonetheless argues that *Martinez* should apply to the facts of this case.

Second, even if the logic of *Martinez* applied, Holt was still required to provide an evidentiary basis to establish he was entitled to an evidentiary hearing on his ineffective assistance of counsel claim. To do that, Holt had to allege facts to establish that "(1) counsel's performance was deficient and (2) counsel's deficient performance was sufficiently serious to prejudice the defense and deprive the defendant of a fair trial." *Edgar v. State*, 294 Kan. 828, 837, 283 P.3d 152 (2012). Holt argues the mere fact that his initial K.S.A. 60-1507 counsel acquiesced to the dismissal of his motion constituted deficient performance. Such a conclusory allegation is insufficient to avoid summary denial of the motion currently before this court.

Affirmed.