IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 123,959

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL DAVIDSON,
*Appellant*.

SYLLABUS BY THE COURT

1.

A motion under K.S.A. 2020 Supp. 22-3501 for new trial based on newly discovered evidence must be filed within two years of final judgment. No exceptions extend the time limitation.

2.

Appellate courts review a district court's refusal to consider a motion for new trial filed under K.S.A. 2020 Supp. 22-3501 as a K.S.A. 60-1507 motion for an abuse of discretion.

Appeal from Johnson District Court; THOMAS M. SUTHERLAND, judge. Opinion filed June 3, 2022. Affirmed.

*Michael Davidson*, appellant pro se, was on the brief.

*Shawn E. Minihan,* assistant district attorney*, Stephen Howe,* district attorney*,* and *Derek Schmidt,* attorney general, were on the brief for appellee.

1

The opinion of the court was delivered by

LUCKERT, C.J.:  In 1995, a jury convicted Michael P. Davidson of first-degree murder. Davidson appealed his conviction and life sentence, and this court affirmed both. See *State v. Davidson*, 264 Kan. 44, 45, 57, 954 P.2d 702 (1998). More than 20 years later, Davidson filed a motion under K.S.A. 2020 Supp. 22-3501 in which he asked for a new trial based on newly discovered evidence. K.S.A. 2020 Supp. 22-3501 requires a movant to file that type of motion within two years of final judgment. In other words, Davidson ran out of time about 21 years ago. The district court, noting Davidson failed to timely file his motion, summarily dismissed it. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

*Davidson*, 264 Kan. 44, sets out the facts leading to Davidson's conviction. We do not repeat those facts here because the procedural history of the judgment against Davidson, not the evidence that led to Davidson's conviction, controls our analysis.

Five procedural facts are important. First, after the jury convicted Davidson, he filed a direct appeal in this court of both his conviction and his sentence. Second, this court issued a mandate on March 31, 1998. Third, Davidson filed with the district court a motion for new trial based on newly discovered evidence in January 2021. Fourth, in Davidson's motion, he cited K.S.A. 2020 Supp. 22-3501 as the statutory basis of his motion. Fifth, the district court summarily dismissed Davidson's motion, in part because it was untimely. In doing so, the district court noted K.S.A. 2020 Supp. 22-3501 imposes two time limits for moving for a new trial. The first applies to motions based on newly discovered evidence and requires a movant to file the motion within two years after final judgment. The second applies to motions based on any other grounds and requires a filing within 14 days. Because Davidson's motion turned on newly discovered evidence, the

2

district court held Davidson needed to file his motion within two years of March 31, 1998, when his judgment became final. His motion was outside that timeframe.

The court thus summarily denied his motion, and Davidson appealed.

ANALYSIS

The precedent of this court controls Davidson's appeal. In particular, in *State v. Bradley*, 246 Kan. 316, 787 P.2d 706 (1990), as here, the district court dismissed as untimely Tyrone Bradley's motion for new trial based on newly discovered evidence filed more than two years after the judgment against him became final. We affirmed that determination, holding "the limitation imposed by 22-3501 was final and the district court properly found that the 22-3501 motion was time-barred." 246 Kan. at 318. Citing federal caselaw applying similar language in a federal rule, we reasoned that "[t]he intent of the two-year limitation for a new trial based on newly discovered evidence is to terminate questions of the guilt or innocence at a specific time after trial." 246 Kan. at 318; see *State v. Holt*, 298 Kan. 469, 473, 313 P.3d 826 (2013) ("[T]he time limit set out in K.S.A. 2012 Supp. 22-3501[1] for motions for new trial based on grounds other than newly discovered evidence is mandatory.").

Like Bradley, Davidson filed his motion for new trial based on newly discovered evidence under K.S.A. 2020 Supp. 22-3501. As the district court held, to be timely, Davidson's motion needed to be filed within two years of March 31, 1998, when his criminal judgment became final. See *State v. Osbey*, 238 Kan. 280, 283, 710 P.2d 676 (1985) ("A conviction is not considered final until the judgment of conviction has been rendered, the availability of an appeal has been exhausted, and the time for any rehearing or final review has passed."); see also *State v. Harris*, 249 Kan. 410, 413-14, 819 P.2d 1169 (1991) (same). Here, as in *Bradley*, the district court properly found Davidson's K.S.A. 2020 Supp. 22-3501 motion was time barred.

3

Davidson's pro se appellate brief attempts to get around the time limitation for a motion for new trial by arguing the manifest injustice exception in K.S.A. 60-1507 may apply to untimely or successive motions. In a single sentence, he contends he has raised substantial issues of law and fact and "that a manifest injustice would occur should his pleadings not be considered on these merits." For support, he cites *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014), which discusses the manifest injustice exception to the time requirements in K.S.A. 60-1507.

The hurdle Davidson faces arises because he did not file his motion under K.S.A. 60-1507. Nor did he mention that statute while in district court. Instead, he rested his motion on K.S.A. 2020 Supp. 22-3501, which does not include a manifest injustice (or any other) exception to its two-year limitation period for motions based on the discovery of new evidence. A motion for new trial based on newly discovered evidence must be filed within two years of final judgment. No exceptions extend the time limitation. *Bradley*, 246 Kan. at 318.

In *Bradley*, we treated the motion for new trial as one filed under K.S.A. 60-1507. 246 Kan. at 318. We implicitly recognized a district court's discretion to do the same in *State v. Reed*, 302 Kan. 227, 233, 352 P.3d 530 (2015), after noting that "[g]enerally a district court properly refuses to consider issues raised for the first time in an untimely motion for new trial." This exercise of discretion is consistent with our caselaw recognizing a court's duty to liberally construe pro se pleadings. See *State v. Redding*, 310 Kan. 15, 18-19, 444 P.3d 989 (2019) (courts interpret pro se pleadings based on content, not labels).

Here, the district court declined to treat the motion under that statute, noting: "Defendant's motion is titled Motion for New Trial Based on Newly Discovered Evidence, and the arguments contained therein appear to match the motion's title." We

review the district court's refusal for abuse of discretion. See *Redding*, 310 Kan. at 19 (refusal to consider motion to correct illegal sentence as K.S.A. 60-1507 motion reviewed for abuse of discretion); see also *State v. Rojas-Marceleno*, 295 Kan. 525, 539, 285 P.3d 361 (2012) (appellate courts review denial of motion for new trial for abuse of discretion).

Davidson fails to argue how the district court abused its discretion when it refused to consider the motion under K.S.A. 60-1507. See *Rojas-Marceleno*, 295 Kan. at 539 (appellate courts review denial of motion for new trial for abuse of discretion). And a party waives or abandons any argument not made on appeal or not supported with relevant authority unless the party explains why the position is sound despite the lack of authority. See *State v. Bailey*, 313 Kan. 895, 897, 491 P.3d 1256 (2021).

The district court did not err in construing Davidson's pleading to be what it purported to be—a motion for a new trial—and refusing to construe Davidson's pro se motion as one brought under K.S.A. 60-1507. Cf. *Redding*, 310 Kan. at 18-19. Nor did the district court err in summarily dismissing the motion as untimely.

Affirmed.