NOT DESIGNATED FOR PUBLICATION

No. 115,612

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PHILLIP MURRAY EDWARDS,
*Appellant*.


MEMORANDUM OPINION


Appeal from Crawford District Court; LORI A. BOLTON FLEMING, judge. Opinion filed September 15, 2017. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Michael Gayoso, Jr.*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before HILL, P.J., ATCHESON and SCHROEDER, JJ.


PER CURIAM:  Phillip Murray Edwards filed a pro se motion to withdraw his plea. He contends the district court failed to liberally construe his motion and should have expanded the scope of his motion to consider it as a K.S.A. 60-1507 motion to avoid manifest injustice. Unfortunately, Edwards' motion lost its character as a pro se motion when counsel was appointed, chose to proceed on his already filed motions, and filed a response to the State's motion to dismiss asking the district court to allow Edwards to withdraw his plea. The sole issue presented to the district court was Edwards' motion to withdraw his plea. He did not present or argue a K.S.A. 60-1507 motion. The district

1

court correctly determined that ignorance of law does not establish excusable neglect and correctly denied his motion to withdraw his plea. We affirm.

FACTS

On August 20, 2009, Edwards pled no contest to attempted aggravated indecent liberties with a child and lewd and lascivious behavior. Pursuant to the plea agreement, the district court granted a durational departure and sentenced Edwards to 150 months' imprisonment with 36 months' postrelease supervision.

On June 15, 2015, Edwards filed a pro se motion to withdraw his plea pursuant to K.S.A. 2016 Supp. 22-3210(d)(2) and (e)(2). He alleged he did not give his trial counsel permission to enter plea negotiations and he did not have an opportunity to review any of the evidence against him. Edwards also alleged his trial counsel did not allow him to read the plea agreement, told him he would die in prison if he did not take the plea, and threatened and intimidated him into taking the plea.

Edwards moved for appointed counsel, and the district court appointed Maradeth Frederick to represent him.

Edwards filed a pro se amended motion to withdraw his plea on November 19, 2015. In his amended motion, Edwards alleged his trial counsel would not investigate the case if Edwards did not take the plea, the alleged victim had a propensity for lying, and the alleged victim was 15 to 20 miles away from where the alleged crimes occurred on the date in question.

At a status conference on November 30, 2015, the district court asked Frederick how she wanted to proceed. Frederick replied:

"Your Honor, I had a phone conversation with my client a couple of weeks ago, then I received a letter from him with some additional concerns. I think I need a couple of weeks that I can talk to him about those concerns, and they are concerning about me also. So I need to visit with him about that. If I think it's necessary, I will file the motion to withdraw. But I think that his motion addresses some of those things. I don't expect to supplement anything else other than the transcripts; you have those, I have read them, he has read them, so I can't think of anything else to do."

The district court set the next status conference for December 14, 2015, at 11 a.m. The record does not contain a transcript of that hearing. At oral argument, we learned no hearing occurred on that date.

On January 6, 2016, the State moved to dismiss Edwards' motions to withdraw his plea because neither motion alleged excusable neglect and his motions were filed outside the time limit imposed by K.S.A. 2016 Supp. 22-3210(e).

On January 27, 2016, Edwards filed a motion to remove Frederick as his counsel and have new counsel appointed. He alleged Frederick had not interviewed the witnesses in his case. He also contended she was "unqualified to render her judgment that [his trial counsel] was not trying to threaten or coerce" him. Finally, he contended she failed to consult with him regarding "any of the hearings." He specifically alleged she failed to inform him of the outcome of the district court's December 14, 2015 hearing "as to whether she would continue as his appointed counsel."

Edwards filed his pro se response to the State's motion to dismiss on February 5, 2016. Frederick filed a response to the State's motion to dismiss on February 8, 2016. Frederick's response indicated Edwards should be allowed to withdraw his plea pursuant to K.S.A. 2016 Supp. 22-3210(d)(2) and (e)(2) and further asserted: "Not all ineffective assistance of counsel claims must be brought in a K.S.A. 60-1507 motion."

On February 11, 2016, based on the State's motion, Edwards' pro se response, and Edwards' counsel's response, the district court denied Edwards' motion to withdraw his plea. It found Edwards' motions were outside the one-year limit in K.S.A. 2016 Supp. 22-3210(e)(1) and neither the original nor amended motion alleged excusable neglect other than his ignorance of the law. The district court held ignorance of the law is not excusable neglect and denied his motion.

Edwards appealed.

ANALYSIS

*Edwards' motion to withdraw his plea was untimely.*

"To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." K.S.A. 2016 Supp. 22-3210(d)(2). When a district court summarily denies a postsentence motion to withdraw a plea without argument or additional evidence, appellate review is de novo. This is because the appellate court has the same access to the motions, records, and files as the district court. *State v. Fritz*, 299 Kan. 153, 154-55, 321 P.3d 763 (2014).

Pursuant to K.S.A. 2016 Supp. 22-3210(e)(1), a postsentence motion to withdraw a plea must be filed within one year of either:

> "(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (B) the denial of a petition for a writ of certiorari to the United States supreme court or issuance of such court's final order following the granting of such petition."

4

This one-year time limitation may be extended only "upon an additional, affirmative showing of excusable neglect by the defendant." K.S.A. 2016 Supp. 22-3210(e)(2).

Here, Edwards pled no contest on August 20, 2009. On October 14, 2009, the district court followed the plea agreement and sentenced Edwards to a total of 150 months' imprisonment on both counts. Edwards did not appeal. He filed his motion to withdraw his plea on June 15, 2015, more than five years after his conviction was final. Thus, the burden is on Edwards to affirmatively show excusable neglect or his motion to withdraw his plea is untimely. See K.S.A. 2016 Supp. 22-3210(e)(2).

Edwards argues his untimely motion was excusable because he did not know he could file a motion to withdraw his plea, he suffers from a learning disability, and his trial counsel did not inform him regarding the possibility of withdrawing the plea. However, ignorance of K.S.A. 2016 Supp. 22-3210's existence fails to establish excusable neglect. *State v. Davisson*, 303 Kan. 1062, 1070, 370 P.3d 423 (2016). Edwards only asserts he did not know about the option to withdraw his plea; he offers no other evidence of excusable neglect justifying why he waited almost six years to file his motion. The motion is clearly untimely. Edwards failed to show excusable neglect. The district court did not err when it denied his motion to withdraw his plea as untimely.

*The motion as argued by counsel was not presented as a 60-1507 motion.*

On appeal, Edwards alternatively argues the district court erred because it did not construe his motion to withdraw his plea as a K.S.A. 60-1507 motion since he included claims of ineffective assistance of counsel. The State contends the district court correctly construed Edwards' motion to withdraw his plea under K.S.A. 2016 Supp. 22-3210.

5

Nearly all of the caselaw cited before the district court by Edwards and his attorney concerned motions to withdraw pleas. The sole case Edwards cited not concerning a motion to withdraw a plea, *Hall v. United States*, 371 F.3d 969 (7th Cir. 2004), he cited for the proposition that an evidentiary hearing was necessary to determine whether counsel pressured the defendant into pleading guilty. Edwards' reliance on *Hall* is misplaced—*Hall* does not support Edwards' claim the district court should have construed his motion to withdraw his plea as a 60-1507 motion.

Edwards moved to withdraw his plea pursuant to K.S.A. 2016 Supp. 22-3210. In his amended pro se motion, he again moved to withdraw his plea pursuant to K.S.A. 2016 Supp. 22-3210. Edwards contended he should be allowed to withdraw his plea because he had ineffective assistance of trial counsel who refused to investigate his claim of innocence.

After the State filed a motion to dismiss Edwards' motion to withdraw his plea, Edwards filed a pro se reply brief and so did Frederick. Edwards' pro se brief cited to Kansas statutes and caselaw concerning motions to withdraw pleas. He did not mention K.S.A. 2016 Supp. 60-1507 or caselaw regarding that statute. Likewise, Frederick's reply brief argued Edwards' motion should be construed as a motion to withdraw his plea. In fact, Frederick specifically argued against this motion being considered as a 60-1507 motion, stating in her brief: "Not all ineffective assistance of counsel claims must be brought in a K.S.A. 60-1507 motion."

On appeal, Edwards misrepresents the motion to withdraw his plea as a pro se motion and our obligation to liberally construe his motion. It lost that character when Frederick entered her appearance, proceeded to represent Edwards' interests before the district court, and filed responses on his behalf. The district court considered Edwards' motion to withdraw his plea and summarily found it was untimely.

6

Further, this court cannot properly construe Edwards' motion as a 60-1507 motion. Quoting *State v. Holt*, 298 Kan. 469, 480, 313 P.3d 826 (2013), Edwards argues "there is 'a long history of converting mislabeled motions for postconviction relief into 60-1507 motions.'" To support this argument, Edwards cites *State v. Kelly*, 291 Kan. 563, 565-66, 244 P.3d 639 (2010). However, *Kelly* is distinguishable because it stands for the inverse of Edwards' argument: a 60-1507 motion may be construed as a motion to withdraw a plea pursuant to K.S.A. 2016 Supp. 22-3210. A motion under K.S.A. 2016 Supp. 60-1507 is a collateral attack on the conviction and sentence in a criminal case. *State v. Mitchell*, 297 Kan. 118, 120, 298 P.3d 349 (2013). Since a collateral attack on a conviction based upon a plea is, effectively, an attack of the plea, a pro se 60-1507 motion could naturally be liberally construed as a motion to withdraw a plea.

Edwards' argument, however, is less sound. Essentially, Edwards contends the district court should have construed his motion as a 60-1507 motion and allowed him to collaterally attack his conviction—which resulted from a plea—even though he specifically moved to withdraw his no-contest plea. Edwards cites no authority supporting his argument a motion to withdraw a plea can also be construed as a 60-1507 motion. Another panel of this court found the district court was correct when it did not construe a motion to withdraw a plea as a 60-1507 motion under similar circumstances. See *State v. Reed*, No. 111,663, 2015 WL 4716290, at *3 (Kan. App. 2015) (unpublished opinion), *rev. denied* 304 Kan. 1021 (2016). Further, our research discovered only one case finding a motion to withdraw a plea should have been construed as a 60-1507 motion.

In *State v. Kelly*, 291 Kan. 868, 248 P.3d 1282 (2011), the defendant pled guilty to rape and aggravated criminal sodomy. At sentencing, Kelly attempted to withdraw his plea because he believed E. Jay Greeno, a public defender and his counsel at the time of the plea, had coerced him into taking the plea. Since Greeno was no longer a public defender, Greeno's former supervisor, Ron Wurtz, represented Kelly at sentencing. The

7

district court denied Kelly's motion. More than 15 years later, Kelly moved to correct an illegal sentence, requested relief under K.S.A. 60-1507, and moved to withdraw his plea under K.S.A. 2016 Supp. 22-3210. The district court denied his motions, and Kelly filed a motion to reconsider reasserting his previous claims and alleging Wurtz refused to present Kelly's presentence plea withdrawal motion. The district court denied his motion for reconsideration. On appeal, Kelly asked the Kansas Supreme Court to remand to the district court to inquire into Wurtz' conflict of interest and then hear evidence regarding the merits of his motion to withdraw his plea. Since Kelly's conflict of interest claim focused on whether Wurtz—his counsel at sentencing but not the plea hearing—was ineffective, the conflict of interest claim was the proper subject for a K.S.A. 60-1507 motion. *Kelly*, 291 Kan. at 871-72.

*Kelly* is distinguishable. Here, Edwards' motions alleged he did not give his trial counsel permission to enter into plea negotiations and he did not have the opportunity to review the evidence against him. He also alleged his trial counsel did not permit him to read the plea agreement, speak with him about the possibility of going to trial, and threatened and coerced him into taking the plea. In his amended motion, Edwards claims his trial counsel would not investigate the case unless he took the plea. Unlike in *Kelly*, Edwards does not claim a conflict of interest with his trial counsel. His claims focus on whether he had ineffective assistance of trial counsel before and during the plea hearing.

Frederick cited no authority stating Edwards' motion to withdraw his plea should be construed as a 60-1507 motion. The only case construing a motion to withdraw a plea as a 60-1507 motion is distinguishable on its facts. We find no persuasive authority in the law for Edwards' claim the district court should have construed his motion to withdraw his plea as a 60-1507 motion.

8

*Edwards presents no colorable claim of a conflict with Frederick.*

Edwards argues the district court erred because it did not inquire as to a potential conflict of interest between Edwards and Frederick. When the district court is notified of a potential conflict of interest faced by a criminal defense attorney, the court is required to make an appropriate in-depth inquiry into the conflict. *State v. Stovall*, 298 Kan. 362, 370, 372, 312 P.3d 1271 (2013). Failure to make an adequate inquiry when the court is aware of the potential conflict constitutes an abuse of discretion. *State v. Marshall*, 303 Kan. 438, 447, 362 P.3d 587 (2015).

The State argues the allegations in Edwards' motion were insufficient to require further inquiry, and the district court's failure to inquire, if error, was harmless because Edwards' allegations were meritless. The State also contends: "It is uncertain as to whether the district court realized that the defendant had filed the motion to seek new counsel." The State's argument is persuasive.

Edwards' primary claim alleged Frederick had not complied with his request to interview the witnesses in his case. The State contends this allegation is irrelevant since interviewing witnesses is only relevant in anticipation of an evidentiary hearing, and this matter was resolved before an evidentiary hearing was required. Edwards never alleged any witnesses had information indicating his failure to timely file his motion to withdraw a plea was the result of excusable neglect. Instead, Edwards alleged he had witnesses who would testify to his innocence and testify he was coerced into taking a plea. Since the district court denied Edwards' motion without an evidentiary hearing, interviewing Edwards' witnesses was unnecessary and would have been a waste of Frederick's time. There was no need to interview witnesses since the current issue before the court was whether excusable neglect extended the time for Edwards to file a motion to withdraw his plea. How and when an attorney should interview witnesses is within their prerogative.

9

The failure to interview potential witnesses under these facts does not establish a conflict between Edwards and Frederick.

Edwards' next issue claims Frederick was unqualified to "render her judgment that [his trial counsel] was not trying to threaten or coerce [Edwards] into taking the . . . plea. Only the Petitioner, . . . Edwards, can say whether he felt threatened or not." The State contends this is legally insufficient to show a conflict or to require appointment of new counsel. We agree with the State. Despite her absence during the plea process, Frederick could adequately advocate for Edwards' interests on his motion to withdraw his plea, and did. Here, Frederick's duty was to represent Edwards—she would not be rendering judgment on the merits of Edwards' motion; that is the district court's duty. As the State contends, Edwards' argument on this issue fails to show any conflict and is insufficient to establish the district court's duty to investigate.

Edwards' final point alleges Frederick failed to consult with him regarding the outcome of the district court's December 14, 2015 hearing. The State argues the record does not reflect the district court held a hearing on December 14, 2015. The record indicates the district court set a December 14, 2015 hearing on November 30, 2015, and timely filed a notice of hearing. On December 14, 2015, the district court filed a notice of hearing for January 7, 2016. While the record contains transcripts of both the November 30, 2015 and January 7, 2016 hearings, there is no transcript of any hearing held on December 14, 2015. In addition, the appearance docket does not reflect a hearing occurred on December 14, 2015. Finally, at oral argument, counsel for the State said there was no hearing on December 14, 2015. This allegation by Edwards fails to show any conflict with Frederick.

Affirmed.