**232 P.2d 848**

**TSCHUOR et al. v. MECK et al.**

**No. 5306.**

Supreme Court of Arizona.

June 18, 1951.

Moore & Moore, of Phoenix, for appellants.

Warren L. McCarthy, of Phoenix, for appellees.

DE CONCINI, Justice.

Blanch Tschuor, one of plaintiffs-appellant, was apprehended by the town marshal of Buckeye and placed in the city jail about two o'clock Sunday morning September 26, 1948. On Monday, the marshal stated under oath before Bill Meck, defendant-appellee, the duly qualified and acting justice of the peace of Buckeye precinct, that Mrs. Tschuor, when arrested, was drunk and abusive; that he told her she was under arrest for disturbing the peace, and that she so resisted such arrect that it was necessary to use force to

incarcerate her. At one o'clock p. m. on Sunday, upon being informed of the foregoing circumstances, Meck authorized her release upon her posting a $30 bond conditioned upon her appearance the following day. The bond was posted and she was released.

Upon appearing before Meck on Monday, appellant Blanch Tschuor was informed she was charged with obstructing a public officer, a felony, and a criminal complaint was filed against her. She was ordered to appear the following morning for a preliminary hearing on the complaint. At that hearing Mrs. Tschuor appeared through her attorney who waived preliminary examination. Meck then entered his order holding her to answer in the superior court on the felony complaint and fixed her bail at $500; bond for which was posted. Ten days following her arrest the county attorney informed the superior court that no information would be filed against her. The court then made an order dismissing the charge against her and exonerating her bond and the surety thereon.

Appellants then proceeded to bring suit for damages against appellees Meck and his surety, the Globe Indemnity Company, alleging that Meck, in his official capacity as justice of the peace, acted maliciously, without probable cause, and with design to injure appellant. On the day set for trial appellees made a motion to dismiss appellants' complaint, which motion was granted. This appeal followed.

Appellants predicate their appeal on two allegedly unlawful acts committed by Meck. The first of these is that before releasing Blanch Tschuor on the day of her arrest, he required that she deposit a bond of $30 and that she appear before him on the next day, which took place before a criminal complaint had been filed against her. Appellants rely on Sec. 44–301, A.C. A.1939: *"Commencement of action—Complaint.*—All criminal actions and proceedings brought before any magistrate for a public offense, triable within the county, shall be commenced by complaint, in writing, under oath, setting forth the offense charged, with such particulars of time, place, person and property as to enable the defendant to understand distinctly the character of the offense complained of. * *"* and urge that under that section Meck was without jurisdiction to act in the aforementioned manner. We hold that Meck's action in requiring a bond before releasing Blanch Tschuor violated no legal right of appellants. On the contrary it furnishes a splendid example of the Good Samaritan endeavoring to confer an undeserved favor which the beneficiary now condemns as tortious, entitling her to damages. Under the facts as disclosed by the record, she had been legally arrested and placed in jail Sunday morning. This is true regardless of whether the person making the arrest was or was not a duly qualified town marshal. A private person may lawfully make an arrest under such circumstances. Sec. 44–125, A.C.A.1939. Meck was under no

obligation to act in her behalf in any way until the marshal brought her before him on the following Monday morning and thereupon made his complaint. As stated above, Meck's acts of requiring bail and then releasing her constituted an accommodation, a chivalrous gesture, rather than an invasion of any right of which she may think herself possessed.

The second act of which appellants complain is Meck's binding Mrs. Tschuor over to the superior court and requiring her to give bond for her appearance there. Appellants argue that because the complaint alludes to the arresting officer as "night marshall" (instead of "town marshall"), and because there is no such public official as "night marshall," the complaint did not charge her with a crime. In the words of appellants' counsel, "* * * no complaint was filed charging plaintiff, Blanch Tschuor, with a crime." Appellants insist that this renders Meck liable in damages to her. Nothing could be further from the spirit of the law as we take it to be. It is apparent that appellants are attempting to found their case on a hyper-technicality. The criminal complaint alleges all the elements of the crime with which it charged her, "Obstructing Public Officer." The inadvertent substitution of the word "night" for the word "town," when all the other necessary elements to charge the offense were present, is insufficient to settle liability on Meck. We are aware of the fact that it is the right of every criminal defendant, and of his counsel, to utilize any and all defenses in his behalf; however, we will not extend this doctrine to literally hamstring a magistrate in the conscientious administration of his office.

Appellants claim that the acts of Meck complained of were without legal sanction because he had no jurisdiction over the subject matter of the case, the complaint being insufficient. Appellants quote from the case of State v. Phelps, 67 Ariz. 215, 193 P.2d 921, 925, in support of their argument, to wit: " ' "Jurisdiction over the subject-matter" is the right of the court to exercise judicial power over that class of cases; not the particular case before it, but rather the abstract power to try a case of the kind or character of the one pending; * * *' "

Sections 44-301 and 44-302, A.C.A.1939, expressly make it the duty of a magistrate to do just what appellee Meck did in the instant case. That he had jurisdiction of the subject matter is not open to question. As appellees point out, had appellants' counsel completed the quotation above, the defect in his argument concerning jurisdiction would have become obvious. The court in the Phelps case continues: " '* * * and not whether the particular case is one that presents a cause of action, or, under the particular facts, is triable before the court in which it is pending, because of some inherent facts which exist

and may be developed during the trial. * * *'" (Emphasis supplied.)

It remains only to consult the general rule as set out in 31 Am.Jur., Justices of the Peace, Sec. 25. After citing several cases in which liability .attached to the magistrate, it is said: " * * * On the other hand, it does not matter that the complaint is insufficient in law where there is a bona fide attempt to charge an offense within the justice's jurisdiction, and the complaint is merely voidable or insufficient on account of some defect or irregularity."

Judgment affirmed.

UDALL, C. J., and STANFORD, PHELPS and LA PRADE, JJ., concur.