NOT DESIGNATED FOR PUBLICATION

No. 119,619

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STANTON S. HOLT,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Geary District Court; RYAN W. ROSAUER, judge. Opinion filed December 13, 2019.
Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Krista Blaisdell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., BRUNS, J., and BURGESS, S.J.

PER CURIAM: Since Stanton Shane Holt's convictions were affirmed in 1996, he has sought multiple avenues of relief, including several motions for writs of habeas corpus under K.S.A. 60-1507. In 2018, the district court summarily dismissed Holt's eighth such motion as being conclusory and successive. Holt now appeals that dismissal, arguing that he established his right to an evidentiary hearing on the claim. We affirm.

In 1994, a jury convicted Holt of over 60 offenses, including two counts of first-degree murder. The district court ordered Holt to serve two consecutive life sentences plus 123 to 355 years in prison. Holt appealed his sentence, asserting that there was insufficient evidence to convict him, as well as, jury instruction errors, and double jeopardy violations. The Kansas Supreme Court affirmed his convictions. *State v. Holt*, 260 Kan. 33, 34-45, 907 P.2d 1332 (1996) (*Holt I*).

In the 23 years since his convictions were affirmed, Holt has pursued multiple avenues of relief from his convictions and sentence:  *Holt v. State*, No. 81,489, unpublished opinion filed January 29, 1999 (K.S.A. 60-1507 motion) (*Holt II*); *Holt v. State*, No. 89,273, 2003 WL 22990148 (Kan. App. 2003) (unpublished opinion) (K.S.A. 60-1507 motion) (*Holt III*); *Holt v. State*, No. 96,270, 2007 WL 1413131 (Kan. App. 2007) (unpublished opinion) (K.S.A. 60-1507 motion) (*Holt IV*); *State v. Holt*, No. 96,169, 2007 WL 1309615 (Kan. App. 2007) (unpublished opinion), (K.S.A. 60-1507 motion and motion to correct illegal sentence) (*Holt V*); *Holt v. State*, 290 Kan. 491, 232 P.2d 848 (2010) (K.S.A. 60-1507 motion) (*Holt VI*); *State v. Holt*, 298 Kan. 469, 313 P.3d 826 (2013) (motion for new trial construed as K.S.A. 60-1507 motion) (*Holt VII*); *Holt v. State*, No. 113,196, 2016 WL 197720 (Kan. App. 2016) (unpublished opinion) (K.S.A. 60-1507 motion) (*Holt VIII*).

As of 2013, Holt had also filed two habeas corpus motions under 28 U.S.C. § 2254 in United States District Court for the District of Kansas. See *Holt VII*, 298 Kan. at 470.

On September 25, 2017, Holt filed a pro se "Motion Requiring Relief From Malicious Prosecution" pursuant to K.S.A. 60-1507. In his motion, Holt alleged that all

motions filed since 1997 were not successive because he never received a hearing on the merits. Holt filed an amendment to his motion five months later in which he argued about the sufficiency of evidence, maintained that the jury was erroneously instructed at his trial, and claimed prosecutorial error. The district court found Holt's motion lacked factual support and was conclusory. The district court also found that the claims were successive because the same issues had been summarily denied by the district court and affirmed by this court.

## DISCUSSION

When the district court summarily dismisses a K.S.A. 60-1507 motion, this court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

To be entitled to relief under K.S.A. 60-1507, the movant must establish by a preponderance of the evidence either:  (1) "the judgment was rendered without jurisdiction"; (2) "the sentence imposed was not authorized by law or is otherwise open to collateral attack"; or (3) "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 2018 Supp. 60-1507(b); Supreme Court Rule 183(g) (2019 Kan. S. Ct. R. 228).

To avoid the summary denial of a motion brought under K.S.A. 60-1507, a movant bears the burden of establishing entitlement to an evidentiary hearing. To meet this burden, a movant's contentions must be more than conclusory. The movant must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. If such a showing is made, the court is required to hold a hearing unless the motion is a "'second'" or "'successive'" motion seeking similar relief. *Sola-Morales v.*

3

*State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014) (quoting *Holmes v. State*, 292 Kan. 271, 274, 252 P.3d 573 [2011]).

Under K.S.A. 60-1507(c), a sentencing court is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner. *Beauclair*, 308 Kan. at 304. "A movant in a K.S.A. 60-1507 motion is presumed to have listed all grounds for relief, and a subsequent motion need not be considered in the absence of a showing of circumstances justifying the original failure to list a ground." *State v. Trotter*, 296 Kan. 898, Syl. ¶ 2, 295 P.3d 1039 (2013).

To avoid a dismissal of a second or successive K.S.A. 60-1507 motion, the movant bears the burden of establishing exceptional circumstances. *Beauclair*, 308 Kan. at 304. Exceptional circumstances are unusual events or intervening changes in the law that prevented the defendant from raising the issue in a prior K.S.A. 60-1507 motion. 308 Kan. at 304. Exceptional circumstances can include ineffective assistance of counsel claims. See 308 Kan. at 304; *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009).

This is Holt's eighth K.S.A. 60-1507 motion. Clearly, it is successive. However, in his motion, Holt did not try to establish exceptional circumstances justifying the consideration of his successive motion. Rather, Holt argued that his motion was not successive because he never received an evidentiary hearing on his claim of ineffective assistance of his counsel appointed to assist him with his first K.S.A. 60-1507 motion. On appeal, Holt concedes that he did not "explicitly acknowledge" the exceptional circumstances requirement, but he suggests that his use of Kansas caselaw regarding ineffective assistance of counsel was sufficient to establish exceptional circumstances. This argument is not persuasive. Although a claim of ineffective assistance of counsel could be an exceptional circumstance, it has been determined that this claim was successive because it could have been raised in any of the previous motions filed after

4

Holt's initial K.S.A. 60-1507 motion. See *Holt VIII*, 2016 WL 197720, at *1. The district court did not err in finding Holt's claims to be successive.

Holt's motion was also filed more than 20 years after his convictions became final, which is well outside the one-year time limitation a defendant has to file a motion under K.S.A. 60-1507(a). K.S.A. 2018 Supp. 60-1507(f)(1). The district court may extend the one-year time limitation for bringing an action under K.S.A. 60-1507(f)(1) only to prevent a manifest injustice. K.S.A. 2018 Supp. 60-1507(f)(2). A defendant who files a motion under K.S.A. 60-1507 outside the one-year time limitation in K.S.A. 60-1507(f) and fails to affirmatively assert manifest injustice is procedurally barred from maintaining the action. *Trotter*, 296 Kan. at 905.

In this current motion, Holt argued that manifest injustice was created when the trial court abused its discretion and denied his request for an evidentiary hearing. Holt's motion was filed after the 2016 Kansas Legislature amended K.S.A. 60-1507(f)(2) to include a definition of manifest injustice and consideration of his motion is controlled by this statutory definition. See *Hayes v. State*, 307 Kan. 9, 12, 404 P.3d 676 (2017). The plain language of K.S.A. 2018 Supp. 60-1507(f)(2) limits a court's consideration of what constitutes a manifest injustice to "(1) a movant's reasons for the failure to timely file the motion and (2) a movant's claims of actual innocence." 307 Kan. at 14.

Holt does not give any reason for his failure to timely file his motion and submits no claim of actual innocence. Holt, again, only submits conclusory allegations against his appointed K.S.A. 60-1507 counsel in arguing that manifest injustice exists. Holt's current motion was filed over 20 years after the one-year deadline passed, and he has failed to establish any legal basis to extend this time limitation.

In addition to Holt's motion being successive and filed after the one-year time limitation, it is also conclusory. The motion does not set forth an evidentiary basis to

support Holt's contentions, nor is one evident from the record. The district court did not err in dismissing Holt's motion for being conclusory.

Holt had the burden to establish his entitlement to an evidentiary hearing and the burden to demonstrate exceptional circumstances and manifest injustice necessary to justify consideration of his eighth K.S.A. 60-1507 motion. See *Beauclair*, 308 Kan. at 304. Given Holt's failure to do so, the district court did not err by summarily dismissing the motion.

Affirmed.